EASTERN DIST.
*May*, 1837.

PONTALBA
*vs.*
DOMINGON ET AL.

---

### PONTALBA *vs.* DOMINGON ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The lessee is bound to allow the necessary repairs to be made on the leased premises. He cannot avail himself of the occasion to quit while the repairs are making, but may have an allowance by a suspension of the rent, for the time he is obliged to quit for this purpose.

This is an action for rent. The plaintiff alleges he leased a new house unfinished, but which was finished, and the defendants, Bauduc & Domingon, entered and took possession of the same the 1st of August, 1828, for ten years, at two thousand dollars per annum.

He further states, that on the 31st January, 1835, the defendants left said house without cause, and refuse to pay the rent, according to said lease; that there is three hundred and thirty-three dollars and thirty-three cents due for rent, during the months of February and March, for which he prays judgment.

The defendant, Domingon, pleaded a general denial, and admitted the lease, but averred that the house became so bad, for want of repairs, which the lessor was bound to make, but which he failed to have done, until the defendant was compelled to remove his goods and hire another store.

He further avers, that he has sustained damages by the neglect of the plaintiff to make the necessary repairs, and has a right to demand a rescission of the lease. He therefore prays for five hundred dollars in damages in reconvention, and that the lease be rescinded.

Bauduc, the other defendant, excepted to being sued, having made a surrender of his property for the benefit of his creditors, of whom the plaintiff is set down as one. He was dismissed.

Upon these pleadings and issues the case was tried before a jury.

It appeared that in February or March, 1835, an order came from the plaintiff, who resides in Paris, to have the house repaired.

*Gurlie*, a witness for plaintiff, states that he called on Domingon for the key to have the house repaired; that Domingon said he would give him the key, but he must return it when he had finished the repairs, which he offered to do, and Domingon refused to receive it.

It was shown that the house leaked very much during all the time the defendant occupied, but that plaintiff's agent made repairs by stopping the leaks, etc.

The jury were, however, of opinion that the defendant had suffered, and they returned a verdict in his favor, without any damages. From judgment rendered thereon, the defendant appealed.

*Pichot*, for the plaintiff.

1. The verdict of the jury is contrary to law and evidence. The evidence shows that the repairs made to the house were made at the request of the defendant, Domingon, and even if he had not requested them to be made, he was obliged to

25

suffer them to be made, according to the provisions of article 2670 of the Louisiana Code.

2. In case the repairs should have continued more than one month, he would have been entitled only to a diminution of the price of the rent, in proportion to the time during which the repairs would have continued over one month, and no such thing has been proved.

3. There was no legal ground for the dissolution of the lease, and the jury erred evidently in pronouncing it.

4. If the lessee was obliged to leave the house during the time the repairs were made, if they were of such a nature as to oblige him to do it, the contract of lease would not be dissolved ; the lessee would have the right to claim only a remittance of the price of the lease for the time that the house was repairing.

*Cañon, contra.*

*Martin, J.,* delivered the opinion of the court.

The plaintiff leased a house to the defendants for ten years.   Considerable repairs being wanted, he employed workmen to effect them.   The defendants, finding their stay in the house inconvenient while the repairs were going on, left it, and handed the key to the workmen.   The repairs being completed, and the key being offered to them, they declined to receive it and return to the house.

The present action was brought for rent.   The defendants, by a plea in reconvention, prayed for a dissolution of the lease and for damages, and there was verdict for the defendants, and the plaintiff appealed.   The defendant, Bauduc, was permitted to go out of court on an allegation that he had made a cession of goods, to which the plaintiff had been made a party.

It appears to us that the judgment ought to be reversed. The repairs were necessary, and the lessee was bound to suffer them to be made, and was entitled to no allowance therefor, except a suspension of the rent during the time he was obliged to quit the house.   *Louisiana Code,* 2670.

The lessee is bound to allow the necessary repairs to be made on the leased premises. He cannot avail himself of the occasion to quit while the repairs are making, but may have an allowance by a suspension of the rent, for the time he is obliged to quit for this purpose.

The record shows that he was obliged to leave the house, but it does not appear at what period the repairs were completed, so as to allow him to return. As he had the verdict of the jury in his favor, and it does not appear to what diminution of the rent he is entitled, the case must be remanded.

It is, therefore, ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed, the verdict set aside, and the case remanded for a new trial; the defendant paying costs in this case.