## Mayor etc. of Thibodeaux v. Maggioli.

Where judgment is rendered in favor of a municipal corporation in an action for the removal of buildings alleged to be on land reserved by law for a public road, if the jury find that they are in a public place, and do not come under the provisions of art. 858 C. C., no damages can be allowed to the proprietor.

No silence or length of time can deprive a corporation of its power over public places. Its inaction may give an estate by sufferances, but nothing more.

A question as to the breadth of land which a municipal corporation has a right to require for the construction of a road and levée is, within certain limits, an administrative question, to be left to the discretion of the local authority.

APPEAL from the District Court of Lafourche Interior, *Randall*, J. *J. C. Beatty*, for the appellants. *C. A. Johnson*, for the defendant. The judgment of the court was pronounced by

Rost, J. The plaintiffs claim the demolition and removal of certain wooden buildings, alleged to be on the land reserved by law for a public road, on the left bank of the bayou Lafourche, and within the limits of their jurisdiction. The defence is a general denial, and a prayer that, should the judgment be in favor of the plaintiffs, the defendant may have judgment for $10,000 damages.

The case was tried before a jury, who returned a verdict in favor of the plaintiffs, and allowing the defendant *Maggioli* two year's rent of the building to be removed, at the rate of $17 per month. On this verdict the court decreed that the building be removed, and that the plaintiffs pay *Maggioli* $408 damages. The plaintiffs appealed.

It is clear that this judgment cannot stand. The jury having found that the buildings were on a public place, and not considering them as coming under the provisions of art. 858, C. C., no damages should have been allowed. It is contended by the defendant's counsel that the plaintiffs and the police jury before them, suffered the defendants and others to place the levée nearer to the stream, and to occupy and build upon the ground now claimed without opposition of any kind, and that they are bound by their implied assent and lapse of time. No silence or length of time could deprive the corporation or its predecessors of their powers over public places. Their inaction gave the defendant's an estate at sufferance, and nothing more. *Mayor et al.* v, *Magnon*, 4 Martin p. 2.

The defendant farther alleges that he has already furnished one road to the public, and that he is not bound to furnish another, without compensation. He

THIBODEAUX
v.
MAGGIOLI.

relies in support of that position on the case of *Henderson et al.* v. *Mayor etc. of New Orleans*, 5 La. 423. We have doubts as to the correctness of that decision; but it appears to us that the present case does not necessarily come under it. The pleadings concede that the defendant's lots are bounded by the public road passing on the bank of the bayou, and the only question is as to the breadth of land which the plaintiffs have the right to require for the road and levée. This, within limits which have not been exceeded in the present case, is an administrative question, left to the discretion of the local authority, with which nothing requires that we should interfere.

The premises considered, it is ordered that the judgment be amended so as to allow the defendant no damages, and that as amended it be affirmed, with costs.