## MATHURIN BOURG, Executor, *v.* J. R. NILES et al.

The space which is to be left for public use by the adjacent proprietors on the shores of navigable rivers for roads and levees, is a servitude imposed by law, of which purchasers are bound to know the existence, and form no cause for refusing to pay the price.

APPEAL from the District Court of Lafourche, *Randall*, J. *J. C.* and *A. Beatty*, for plaintiff. *J. L. Cole*, for defendant. The judgment of the court was pronounced by

ROST, J. At the probate sale of the succession of *Lamoureux* the defendant purchased a lot fronting upon the road on the bank of Bayou Lafourche, within the limits of the town of Thibodeauxville. This action is brought upon one of the notes given for the price.

The defence is, that the plaintiff is unable to deliver the quantity of land sold. That the sale was made according to a plan which represented a distance of about twenty-six feet between the levee on the bank of the bayou and the line of said lot; but that after the sale had taken place, the town of Thibodeauxville was decreed to have a right to a road of sixty feet in width instead of twenty-six feet, in the case of the *Town of Thibodeauxville* v. *Maggioli* and *Lamoureux*, 4th Ann. 73. That the town corporation has the right to take the quantity of land adjudged to them, and that they intend to exercise it; that the respondent will, when that right is exercised, lose one-third of the land he purchased and all the buildings upon it, and that he is entitled to a diminution of the price, and to damages.

The district court rejected his claim; and he has appealed from the judgment rendered against him on the plaintiff's demand. The defendant has no claim in warranty, or for a diminution of the price on the grounds alleged. The space which is to be left for public use by the adjacent proprietors on the shores of navigable rivers, and for the making and repairing of levees and roads, is a servitude imposed by law upon the land, of which purchasers are bound to know the existence. C. C. 661. The judgment in the case of *Maggioli* did not create that servitude; it amounts only to a recognition of it. It imposes no additional burden upon the land, and could give no cause of action to the defendant against his vendors in warranty, even if actions of warranty could be maintained in cases like this. But the taking of land for the purpose of making a public road, is not such an eviction by a superior title against which the vendor is presumed to warrant. It is an eviction by the act of the sovereign, and the sovereign alone

is to make indemnity in cases where indemnity is due.  Merlin, *verbis*, Faits duprince.  Répertoire.

The judgment must be affirmed.  It is ordered that the judgment be affirmed, with costs.