## No. 12,278.

### PONTCHARTRAIN RAILROAD CO. VS. THE BOARD OF LEVEE COMMISSIONERS OF THE ORLEANS LEVEE DISTRICT.

Property by reason of its situation away from the Mississippi river, owing no servitude for levees, must be paid for when expropriated for a levee in the rear of the city constructed by the Orleans Levee Board. Const., Art 156; C. C., Arts. 665 et seq.; 34 An. 494; 43 An. 275; 160 U. S. 468

Damage to the property of the owner, or loss in respect to the property incident to the expropriation, entitles him to compensation although there is no taking of the property.

The right to compensation for property taken for public use is not to be denied on the ground that the expropriation is the exercise of the police power.

APPEAL from the Civil District Court for the Parish of Orleans. Théard, J.

---

Denègre, Blair & Denègre for Plaintiff, Appellee.

---

Bernard McCloskey for Defendant, Appellant.

Argued and submitted March 5, 1897.
Opinion handed down March 29, 1897.

The opinion of the court was delivered by

MILLER, J. This appeal is by the defendant from the judgment awarding plaintiff compensation for the damage to the railroad, caused by the construction by defendant of a levee across the defendant's road.

The defendant, created a corporation by legislative act to construct and maintain a levee system in the Orleans Levee District by levees on the river, canal, lake or elsewhere, about building a levee between the rear of the city and the lake, crossing plaintiff's railroad, was enjoined by plaintiff on the ground that the levee would cause plaintiff damage by necessitating the taking up, relaying the tracks and elevating the grade of the roadbed, for which damage the plaintiff claimed previous compensation. The answer was the general issue followed by trial and judgment for plaintiff, the subject of this appeal.

The injunction was directed against the digging of a canal, as well as the making of the levee, but the canal was abandoned, and by agreement the work of the levee was permitted to proceed, the court to award suitable compensation, if of the opinion any was demandable. The damage alleged arises from depositing the earth dug to make the levee upon the plaintiff's tracks, the construction of the levee on and across defendant's roadbed and the cost of elevating the grade and taking up and relaying defendant's tracks. No question is raised as to the amount of the damages awarded, but the contention is whether any compensation is due.

The argument for the defendant is that every proprietor must submit to the loss incident to the building on his land the levee requisite to guard against overflow of the river in the city front, or the lake in the rear. It is claimed that such a work authorized by law is the exercise of the police power, to which all must submit, and in respect to which no compensation for resulting loss can be claimed by the owner whose property is affected by the exertion of that power. But in opposition to this view is the well settled principle embodied in the Constitution that private property shall not be taken for public purposes without compensation to the owner. Civil

Code, Art. 2621; Constitution, Art. 156. Where land is taken, or the use of it incommoded, or a burden is imposed on the owner to build a levee, or, to take another illustration, to open a street, the right of the owner to compensation is not to be denied, because of the supposed exercise of the police power, but the owner's claim for compensation falls within the operation of the principle that secures compensation when private property is taken for the public utility. The police power, hence, exerts no influence on the issue here. Cooley Const. Limitations, p. —; Carrollton Railroad Co. vs. Avart, 11 La. 192; Municipality No. Two, for opening Euphrosine St., 7 An. 72.

The defendant cites the line of authority that denies any compensation for property owners affected by the exercise of such functions of government as raising the grade of streets or bridging rivers, or exerting control over the channels of rivers. But in that class of cases there is no taking of property. Any injury that may arise to private property is consequential to the exertion of governmental functions, and entirely disconnected with expropriation for public purposes. The distinction between expropriation and consequential injuries arising from the exercise of the necessary functions of government, is stated in one of the cases cited by defendant. In the one case no compensation is due, for the reason, with others, there is no encroachment on private property; in the other, there is an expropriation, and hence the owner's right to compensation. Transportation Company vs. Chicago, 99 U. S. 642.

The front proprietor on the Mississippi river or other navigable rivers must yield without compensation the property for levee and road purposes. The servitude for levee and road purposes is imposed on him and he acquires his property subject to that servitude. Civil Code, Arts. 665 et seq.; Bass vs. State, 34 An. 494; Ruch vs. City, 43 An. 275; Eldridge vs. Trezevant, 160 U. S. 468. But the plaintiff's land not on the river owes no such servitude.

We do not understand it is controverted that a substantial injury to the property owner, in respect to his property or loss imposed on him incident to the expropriation, though there is no taking, entitles him to compensation, nor is there any issue, as we appreciate the argument, that the damages claimed are fairly within the scope of the article of the Constitution awarding compensation for private property taken for public use.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.