MOORE v. NEW ORLEANS WATERWORKS CO.

(Circuit Court, E. D. Louisiana.   March 14, 1902.)

No. 12,973.

1. DRAINAGE COMMISSION—WATERWORKS COMPANY—PROTECTION OF POLICE POWER.

Both the drainage commission of New Orleans and the New Orleans Waterworks Company are agencies of the state and city in providing for the public health and safety, and both are entitled to the support and protection of the police power in executing their respective functions.

2. WATERWORKS COMPANY—PROPERTY—WATER MAINS AND PIPES.

The water mains and pipes, as laid in the public streets of New Orleans and forming part of the waterworks system, are the property of the New Orleans Waterworks Company.

3. SAME—REMOVAL OF MAINS AND PIPES BY DRAINAGE COMMISSION—POLICE POWER—PAYMENT OF COMPENSATION—INJUNCTION.

The drainage commission, in prosecuting its drainage works in the city of New Orleans, cannot require the removal of mains and pipes belonging to the New Orleans Waterworks Company, thereby interfering with the latter's legitimate business by cutting off the water supply through many large tracts of the city, without previously making just and adequate compensation, as required by Const. La., art. 167, declaring that private property shall not be taken or damaged for public purposes without just compensation being first made; and if it attempts to do so, an injunction pendente lite should issue to protect the company's rights.

4. SAME—AGREEMENT BY WATERWORKS COMPANY—VALIDITY AS AGAINST RECEIVER.

An agreement made by the waterworks company with the drainage commission respecting the removal of the pipes at the former's expense, and the settlement of the rights of the parties in a subsequent amicable suit, not supported by any consideration, however binding on the waterworks company itself, could not bind a receiver afterwards appointed for the company and holding the property for the bondholders under a paramount title.

In Equity.

Robert Moore, an alien, filed the bill in this case on November 14, 1901, praying for the appointment of a receiver for the New Orleans Waterworks Company, a corporation organized under the laws of the state of Louisiana. Frank T. Howard was appointed receiver of said corporation on said date, and duly qualified as such receiver. On February 17, 1902, the receiver filed a petition in the receivership proceeding, praying for an injunction against the drainage commission of New Orleans and the National Contracting Company, to prevent them from interfering with or trespassing upon the property, or disturbing the mains and connections therewith, of the New Orleans Waterworks Company, and praying, further, for reference to a master to take an account of damages already inflicted. A rule nisi was entered on the petition, directing the drainage commission and the contracting company to show cause why an injunction should not issue. The drainage commission filed a return and answer to the rule. The contracting company filed no return or answer to the rule. The matter was heard upon the pleadings, affidavits, exhibits, and arguments of counsel.

Rouse & Grant, for the receiver.

J. R. Beckwith, for the New Orleans Waterworks Company.

Carleton Hunt, for the drainage commission of New Orleans.

PARDEE, Circuit Judge.   A full statement of this case covering the pleadings and questions argued and presented is unnecessary, be-

cause on the present application only action pending the litigation is wanted, and the reasons which control my action can be shortly given.

The case has been argued as though the drainage commission of New Orleans was vested with full possession of the police power of the state, to the exclusion of all and any rights of the New Orleans Waterworks Company, while the fact is that both the commission and the waterworks company are agencies of the state and city in providing for the public health and safety, and that both are entitled to the support and protection of the police power in executing and performing the functions respectively assigned; and the work of each would seem to be of equal importance from the sanitary standpoint, as the one is intended to bring a sufficient supply of water into the city for the supply of the inhabitants, and the other to expel from the city the overflow and surface water. If there were only room for one of these agencies, it might be argued with great force that the waterworks company, being prior in time and in possession with its mains and pipes laid, would have the supreme right; but, fortunately for all, there is room for both, and the condition is that with certain removals and transfers of water mains and pipes the plans of drainage as determined by the city and intrusted to the commission can be fully carried out; and the matter in hand here is to determine at whose expense shall be the removal and replacement of the water mains and pipes. It is to be noticed that the commission has been provided with large funds to carry on and execute its work, and to pay the costs and expenses of the same, and this presupposes that, for work done and property taken necessary and proper to the construction, compensation is to be made. Are the water mains and pipes, as laid in the public streets of the city of New Orleans, and forming a part of the waterworks system, the property of the New Orleans Waterworks Company? Unquestionably; because the case shows that many of them as laid were directly purchased from the city under state authority, and the balance have been laid under a contract with the state and city, which contract has been declared valid beyond the impairment by state legislation in Waterworks Co. v. Rivers, 115 U. S. 674, 6 Sup. Ct. 273, 29 L. Ed. 525. Does the waterworks company own this property subject to the legitimate exercise of the police power of the state? Unquestionably; but the waterworks company also owns the property under the protection of constitutional principles, and as declared in the constitution of the state of Louisiana, article 167, which provides "that private property shall not be taken or damaged for public purposes without just and adequate compensation being first made." In prosecuting its drainage works in the city of New Orleans, the drainage commission requires the removing of certain mains and pipes of the waterworks company, with the result that the mains and pipes are taken or damaged, the legitimate business of the waterworks company interfered with and damaged by cutting off the supplies of water through many and large tracts of the city. If carried out, is this the taking or damaging of the waterworks property for public purposes, within the meaning of article 167 of the constitution above quoted? It certainly is a taking and damaging of the property. If part of the

mains and pipes can be removed, why not all? Why cannot the drainage commission go through every street in which there are mains and remove the same? It is no answer to say, "We do not take your property, we just remove it;" for, when removed, it is nothing but iron pipes, and no longer a part of the system. Nor is it an answer to say that after we have removed your mains you may replace them somewhere else out of our way; for this all requires expense, subjects the waterworks company to damage, and is equivalent to saying, "We do not take or damage your property, for after we have removed your mains and pipes you can get others placed elsewhere." This question seems too plain for further discussion.

Is such taking or damaging warranted as a legitimate exercise of the police power of the state without compensation is first made? The question covers a very large field. Many cases have been, and can be, cited, where, in the legitimate exercise of the police power, property has been incidentally, more or less remotely, and, perhaps, even directly, damaged through the exercise of the police power, without requiring compensation to be made to the owners of property so damaged; but I have found no well-considered case, and none has been cited to me, where private property has been actually taken or physically damaged that the owners were held not to be entitled to damages. In National Waterworks Co. v. City of Kansas (C. C.) 28 Fed. 921, there was no such contract as here, and there was a reservation in favor of the city as to the designation of streets, etc., where pipes might be laid. Under a constitutional provision of the state of Illinois, which is very similar to the constitutional provision of the state of Louisiana, the supreme court of the United States, in City of Chicago v. Taylor, 125 U. S. 161, 8 Sup. Ct. 820, 31 L. Ed. 638, have discussed and decided the matter, with the result that the owner was entitled to compensation in all cases where private property has "sustained a substantial injury from the making and using of an improvement that is public in its character, whether the damage be direct, as when caused by trespass or physical invasion of the property, or consequential, as in a diminution of its market value." Other interesting cases in this respect are Pumpelly v. Green Bay Co., 13 Wall. 166, 20 L. Ed. 557; Ponchartrain R. Co. v. Board of Com'rs of Orleans Levee Dist., 49 La. Ann. 576, 21 South. 765; Eaton v. Railroad Co., 51 N. H. 504, 12 Am. Rep. 147. See, also, Chicago, B. & Q. R. Co. v. City of Chicago, 166 U. S. 226, 17 Sup. Ct. 581, 41 L. Ed. 978, wherein it is held that "since the adoption of the fourteenth amendment, compensation for private property taken for public uses constitutes an essential element in 'due process of law,' and that without such compensation the appropriation of private property to public uses, no matter under what form of procedure it is taken, would violate the provisions of the federal constitution." In the light of these authorities, and under the facts of this case, I am disposed to hold at this time, and for this case, that the police power of the state, so far as vested in the drainage commission under the legislation which creates the commission, goes to the extent of, and no further than, the right to the joint occupancy of the streets of the city with the waterworks

company, and the right to remove and replace, provided the same can be replaced, the mains and pipes of the waterworks company, wherever necessary to secure such joint occupancy and construct works in accordance with the plans for drainage adopted by the city; but that so far as it may be found necessary in prosecuting the drainage work to appropriate, expropriate, take, or damage the property of the New Orleans Waterworks Company, including the removal and replacing of waterworks mains and pipes, it can only lawfully proceed by previously making just and adequate compensation.

The correspondence introduced in evidence between the president of the waterworks company and the president of the drainage commission with regard to the matter of removing and relaying water mains and pipes, as might be necessary to give the drainage commission right of way, and to the effect that the waterworks company, reserving its rights, would, as notified and required, remove its mains and pipes and replace them elsewhere at the expense of the waterworks company, the same to be adjusted and settled in an amicable suit at the conclusion of the work, is very creditable to the public-spirited waterworks' officials, but it resulted, so far as it was an agreement at all, in an agreement without consideration, and not binding on the waterworks company beyond the pleasure of its board of directors. And, however binding it may have been on the waterworks company, it is not binding at all upon the receiver in this case, who holds for the bondholders under a paramount title. Besides this, the receiver is not in funds nor condition to advance the necessary expenses, and it is somewhat as counsel asserts that the drainage boards and drainage commissions and other temporary public agencies are of a transitory nature, with no certainty of being in existence to meet demands of a receiver, who is also a temporary officer, to be settled at the end of a litigation.

So far as the present suit seeks a relief for outlays and expenses and damages incurred before the appointment of the receiver, it may be left to the termination of the litigation herein in due course. So far as the interferences are made by the drainage commission with the property in the hands of the receiver, and since his appointment, either the drainage commission must remove the waterworks mains and pipes as found in its way and relay the same at its own expense, and without unnecessary hindrance or delay, or must make arrangement with the receiver to do the said work, either by advancing the funds necessary, or by giving satisfactory security to pay the same in due course; or, an injunction pendente lite may issue for the protection of the receiver and the property in the custody of the court.