ELLIS, Judge.
Plaintiffs own a tract of land situated in the Parish of Terrebonne about nine miles below the City of Houma, and seek an injunction to prevent T. L. James & Co., Inc. and its superintendent from constructing two road improvement projects across this tract. The Department of Highways, intervenor and appellant herein, was constructing these projects through its contractor. This Department filed an intervention in which it took the position that the public had -a servitude over the tract under which the Department had the right to use the right of way necessary for the construction of the projects across the tract and that the plaintiffs had no right whatsoever to prevent this construction.
The District Court ordered the issuance of preliminary injunctions prayed for, and also issued one against the Department of Highways.
The case was also tried on its merits and the lower court rendered a judgment' in favor of plaintiffs perpetuating the writ of injunction and condemning defendants to pay plaintiffs $725 damages with interest and costs.
An appeal was taken to the Supreme Court, which with written reasons transferred the cause to this Court. 221 La. 1044, 61 So.2d 734.
It is undisputed the property is owned by plaintiffs and that they have been in actual and undisturbed possession for a number of years of the complete tract, except a strip measuring 30 feet in width running across the front of the said tract near and approximately parallel to Bayou Terre-bonne. It is also undisputed that this strip has been used as a public highway for a time beyond the memory of man, and that Bayou'Terrebonne is navigable. It is certain the highway running along this strip has been established and maintained under the servitude imposed by law for public roads bordering navigable streams, and that this particular public road is part of the State Highway System.
The Department of Highways, at the time of the institution of this suit, was in the process, through its contractor, T. L. James & Co., Inc., of constructing two projects, which are for the purpose of widening and improving a section of road which includes all of that part of the road that crosses the tract owned by plaintiffs. The *480 purpose is to make the whole project into a paved highway, having for its main portion a concrete slab 20 feet wide on an embankment 30 feet wide, which includes the shoulders, and there is to be a ditch on each side of this embankment. The proposed construction would enlarge the present right of way from 30 feet to 85 feet.
■The Department of Highways contends that under the provisions of Articles 665 and 707 of the LSA-Civil Code, it has the authority to take and use the additional width without compensation,, while the plaintiffs maintain that such an act constitutes an attempt to take property without due process of law, claiming that while the State can expropriate the property required it cannot do so without first resorting to the Courts, and paying compensation therefor.
The position of plaintiffs is:
1. That the servitude for a road along navigable streams is given as an incident to the passage of commerce on those streams but is not given for all purposes.
2. That having furnished one road they cannot be forced to furnish another under the authority of the Codal Articles without being deprived of their property without due process of law under both the Constitution of Louisiana and the Constitution of the United States.
The Department of Highways takes the position:
1. That the lands along navigable streams are subject to a servitude in favor of the public without compensation to the landowner under the authority of the Articles of the LSA-Civil Code quoted, and that this servitude is not specifically limited.
2. That the width of this servitude should be such as the needs of the public require.
3. That the width required under the servitude imposed by law presents an administrative question to be determined by the road-building authority, i,n this instance, the Department of Highways.
The pertinent Articles of the LSA-Ci.vil Code are:
“Art. 4SS. The use of the banks of nagivable rivers or streams is public; accordingly every one has a right freely to bring his vessels to land there, to make fast the same to the trees which are there planted, to unload his vessels, to deposit his goods, to dry his nets, and the like.
“Nevertheless the ownership of the river banks belongs to those who possess the adjacent lands.”
“Art. 665. Servitudes imposed for the public or common utility, relate to the space which is to be left for the public use by the adjacent proprietors on the shores of navigable rivers, and for the making and repairing of levees, roads and other public or common works.
“All that relates to this kind of servitude is determined by laws or particular regulations.”
“Art. 707. He who from his title as owner is bound to give a public road on the border of a river or stream, must furnish another without any compensation, if the first be destroyed or carried away.
“And if the road be so injured or inundated by the water, without being carried away, that it becomes impassable, the owner is obliged to give the public a passage on his lands, as near as possible to the public road, without recompense therefor.”
Counsel contends that the first position of plaintiffs, that the servitude for public roads along the banks of navigable streams, was established only as an incident to the passage of commerce along these streams and not for all purposes, is supported by the following authorities: Lyons v. Hinckley, 12 La.Ann. 655; State v. Richardson, 140 La. 329, 72 So. 984; Opinions of the Attorney General of Louisiana, 1938-40, p. 705.
Lyons v. Hinckley shows the suit was brought by a private individual attempting to force the defendants to permit .him to construct a road to his property along the banks of a navigable stream across a 3-acre lot of the defendants. No public road-build *481 ing authority was involved, and while the District Court rendered judgment in favor of the plaintiff, this was reversed by the Supreme Court, who dismissed the suit, and enjoined plaintiff from building any road across plaintiffs’ lot. The road proposed to >be built would not serve the public generally but was only for the benefit of this particular property owner. The Supreme Court based its decision mainly upon the fact that an Act of the Legislature had exempted the lands in certain parishes above the Town of Baton Rouge from the operation of the servitude in.question because they were high lands. The' tract in question was also high and concluded to be within the spirit of and entitled to the exemption entitled by that Act. In the case at bar the tract involved is not composed of high lands nor is the road being attempted to be ■ built by an individual, but rather by the public road-building authority, the Department of Highways. It is true in' the Lyons case there is a statement to the effect that the servitude in question “is only for that which is incident to the nature of the navigable character of the stream * * * This statement, however, is dicta and the conclusion of this statement is certainly contrary to the jurisprudence both prior and subsequent.
Prior to the Lyons case the Supreme Court in Mayor, etc., of Thibodeaux v. Maggioli, 4 La.Ann. 73, allowed a right of way 60 feet wide to be taken to establish the sérvitude iñ question, by the Town of Thibodeaux for the construction of a road 60 feet wide. This case arose in 1849, and certainly such a width at that time was exceptional. The pertinent part of the decision reads:
“ * * * The pleadings concede that the defendants’ lots are bounded by the public road passing on the bank of the Bayou, and the only question is as to the breadth of land which the plaintiffs have the right to require for the road and levee. This, within the limits which have not been exceeded in the present case, is an administrative question, left to the discretion of the local authority which nothing requires that we should interfere.”
The establishment of such a road-way, one of 60 feet in width, was certainly not one merely for the" benefit of the passage of commerce on the" stream. The Thibodeaux case is explained in Bourg v. Niles, 6 La.Ann. 77.
Subsequent to the Lyons case there have been four cases in point.
In Pecot v. Police Jury, 41 La.Ann. 706, 6 So. 677, the Supreme Court held the adjacent proprietors had the right to compel the Police Jury of their Parish to establish a road under the servitude in question along the east bank of Bayou Teche to be used as a means of communication between themselves and the outside world. Clearly this servitude was not merely "an incident to the passage of commerce along the stream involved.
In Ruch v. City of New Orleans, 43 La. Ann. 275, 9 So. 473, the Supreme Court held the City of New Orleans had the.right to widen the public road running along the landward side of the Mississippi River Levee across plaintiff’s property without compensation. This roadway could not "possibly have been in connection with any commerce along the Mississippi River.
In. Louisiana Society for Prevention of Cruelty to Children v. Board of Levee Com’rs of Orleans Levee Dist., 143 La. 90, 78 So. 249, the Supreme Court said:
“ * * * The banks of the river are not stable; * *• *. When it is thus moved back the space required for it's new location and for the public road which usually runs along the base of the levee on the land side is taken without the necessity of an expropriation and without compensation — by right of public servitudes of levee and road which all lands fronting on rivers owe in Louisiana. * * * ”
In Village of Moreauville v. Boyer, 138 La. 1070, 1071, 71 So. 187, the Supreme Court held the plaintiff was" not entitled to a judgment allowing it to widen the public road along the bank of a navigable stream under the servitude in question only because the Village had failed to prove the necessity for the widening. In this" case the upper court affirmed á judgment of nonsuit, *482 but did state that if the plaintiff brought another suit and proved the necessity for the construction it would be given a judgment permitting it to widen the roadway without compensation.
In State v. Richardson, supra, there was a boundary suit by the State against the defendant to fix the boundary between the bed of Red River and a piece of land adjacent thereto belonging to the defendant. The servitude in question in the present case was not involved therein.
The opinion of the Attorney General, supra, dealt with the question of whether, under the servitudes established in favor of the public on the banks of navigable streams, one has the right to camp on lands of another on the bank of a navigable stream. A reading of the opinion shows that the servitude in question and under consideration in the opinion was only that mentioned in Article 455 of the LSA-Civil Code, supra.
Upon the jurisprudence cited above we conclude the contention of plaintiffs that the servitude in question was established only as an incident to the passage oif commerce along streams, is without merit.
Plaintiffs contend 'that since a roadway has already been furnished they cannot be compelled without compensation to furnish a new one under the servitude in question. It must be borne in mind that what is being done here is not the building of a new road across the property but is the widening and improving of the existing road.
In Mayor, etc., of Thibodeaux v. Maggioli, supra, as explained in Bourg v. Niles, 6 La.Ann. 77, the Supreme Court sanctioned the widening, under'the servitude in question of a road from a width of 26 feet to a width of 60 feet without compensation to the owner of the land. In Ruch v. City of New Orleans, supra, the Supreme Court held the road-building authority was entitled to widen a road by adding thereto a strip across the landowner's property varying in length from approximately 23 to 34 feet, without compensation. In Village of Moreauville v. Boyer, supra, the Village would be entitled to widen the roadway without compensation if the need therefor was shown.
It seems that when certain land which has not been occupied before by a roadway construction under the legal servitude imposed by the LSA-Civil Code in favor of the public, is used for the purpose of construction, there is nothing taken from the landowner, but the public is merely exercising a servitude to which the land has always been subject, and which the owner acquired subject to that servitude. In Bourg v. Niles, supra, the Supreme Court said that its judgment in the Maggioli case, supra, did not create the servitude in question but merely recognized it, and that its judgment imposed no burden on the land which was not already thereof. Also see, Pontchartrain R. Co. v. Board of Levee Commissioners, 49 La.Ann. 570, 21 So. 765; Louisiana Society for Prevention of Cruelty to Children v. Board of Levee Com’rs of Orleans Levee Dist., supra; Lacour v. Red River, etc., Levee District, 158 La. 737, 104 So. 636.
There seems to be absolutely no authority that the servitude in question is limited to ■any particular width. Plaintiffs rely in part upon LSA-R.S. 48:495, which reads:
“All roads laid out in accordance .with this Sub-part * * * shall be at least twenty-five feet wide. * * * ”
This Statute fixes merely a minimum width, not a maximum one, and in Village of Moreauville v. Boyer, supra, the Court was considering Section 3371 of the Revised Statutes of 1870, which is the source of the LSA-Revised Statute cited, and it did not hold that the width of the right of way .which could be used under the servitude was limited to any specific width, but stated in effect the width was such as might be needed by the public. However, LSA-R.S. 48:495 relates only to Parish and local roads in a State, not a State highway, as is involved herein. There is no other Statute fixing the width of public roads at any specific figure, but it would seem this width on the border of a navigable stream should be such width as the needs of the public require.
*483 The determination of the width required is an administrative question to be determined by the road-building authority. In Village of Moreauville v. Boyer, supra [138 La. 1070, 71 So. 190], the Court said:
“ * * * The function of fixing the width of the public road belongs to the local authorities [the road building authority in the particular case] and not to the courts. * * * ”
The road-building authority, the Department of Highways, clearly has the necessary authority, and its authority is not questioned in this appeal. However, it cannot act arbitrarily in the exercise of its • discretion, but as was said in Dubose v. Levee Commissioners, 11 La.Ann. 165, “In matters of this kind this Court will be reluctant to interfere with the exercise of that discretion * * *, and, before doing so will require a clear case of oppression or injustice to be made out on the part of the complainant.”
This type of servitude was treated in the recent case of Dickson v. Board of Commissioners, 210 La. 121, 26 So.2d 474, 477. .The Supreme Court therein said of the servitude for levees, which is provided by the same Article, 665 of the. LSA-Civil Code, that provides for the servitude in question here :
“Despite the constitutional guarantee that one cannot be deprived of his property except, for public purposes and then only after adequate indemnification in the manner prescribed by law, in this state prior to the adoption of the Constitution of 1921 property used for the construction and drainage of levees was not paid for outside the district under the control of the Orleans Levee Board (and even in that district compensation was not paid prior to the Constitution" of 1898, which constitution in Article 312 provided that the owners of such land had a right of action against the Orleans Levee Board for ‘the value of said property’) for the very simple reason that under the express provisions of the laws of this state a servitude was imposed upon all lands bordering on navigable rivers and streams for the construction and maintenance of levees, roads, and other common or public works. As was pointed out by the Supreme Court of the United States in Eldridge v. Trezevant, 160 U.S. 452, 16 S.Ct. 345, 347, 40 L.Ed. 490, quoting with approval from Ruch v. [City of] New Orleans, 43 La.Ann. 275, 9 So. 473,‘ “the riparian owner enjoys his property sub modo, i. e., subject to the right of the public to reserve space enough for levees, public roads, and the like. Over, this space the front proprietor never acquires complete dominion. It never, passes free of this reservation by a deed to a purchaser.” ’
“ * * * Despite the repeated contention in numerous litigations that Article 665, imposing this servitude on riparian lands, controverts the constitutional guarantee in both the state and federal Constitutions that no one can be deprived of his inalienable rights of property without due process of law, it has been consistently held by this court and by the Supreme Court of the United States that such constitutional requirements relate to the right of expropriation and do not have the effect of abrogating our law giving the state authority to appropriate land upon which rights for the construction of levees, roads, and' other such public works have always been reserved.
* * * . * * *
“ * * .* And however unfair it may seem to the owners of this type of land they are without right to complain because their acquisition of such land was subject by law to this ancient servitude and the private mischief must be endured rather than the public inconvenience or calamity.”
Under "the authorities discussed we believe the Department of Highways is entitled to use the. additional right of way for the highway to be constructed under the projects in question herein under the servitude in favor of the public in the Articles of the LSA-Civil "Code without compensation to the landowners as much so as *484 if a new roacl was being constructed, without there ever having been any road at all across plaintiffs’ tracts. All that might be questioned is whether the road-building authority acted arbitrarily in proposing to enlarge the width of the roadway and under the facts as shown by this record we find no such arbitrary action. ■
Consequently the judgment of the District Court is reversed, annuled. and set aside, and judgment is hereby rendered, in favor of the Department of Highways, the intervenor and appellant herein, and against the plaintiffs, refusing and denying the preliminary injunctions, and dissolving the preliminary injunctions which were ordered issued in the judgniént-of the District Court, all at the cost of the appellees.