TATE, Judge.
This is a suit by a plumbing firm to secure a monied judgment and recognition of its lien in connection with construction improvements made by it pursuant to a written contract with the defendant Hammonds. Joined as codefendant is the present owner of the tract upon which the plaintiff constructed the improvements.
The trial court dismissed the suit. It held that the plaintiff contractor had agreed to accept a certain subdivision lot in full payment for the plumbing work and that the defendant Hammonds had tendered and was tendering a merchantable title to this lot, which thus had satisfied this defendant’s obligation under the plumbing contract.
The plaintiff-appellant principally contends that the trial court erred (1) in holding that there was a valid contract for the transfer of the real estate in satisfaction of the plumbing debt and also in failing to exclude parol evidence relative to this contract, and (2) in holding that the title to the tendered lot was merchantable.
This litigation arose from the following facts:
On July 21, 1961, the plaintiff (“Pesson”) agreed to furnish the defendant Hammonds certain materials and services at 4303 Common Street, Lake Charles, for the agreed price of $1828. As amended, the written agreement between the parties provided that the contractor Pesson was to receive title to one lot of Pesson’s choice from those in two specified subdivisions owned by the defendant Hammonds, in full payment of the price of the plumbing work.[1]
In seeking a monied judgment in lieu of the parcel of land, the plaintiff’s petition alleges that the defendant Hammonds had tendered him a parcel of land “which was not acceptable on the grounds that title to the said land was.not clear.” Art. 5, Tr. 11.
I.
At the trial, counsel for the plaintiff objected to any parol evidence as to whether, following completion of the work, the plaintiff Pesson had selected exactly which lot he would accept in payment for the plumbing contract. The trial court overruled this objection, which was made general as to all testimony in the suit.
Pesson’s president thereupon testified, under cross-examination, that he had “accepted the tender of the abstract” on Lot 3 of Block 1 of one of the specified subdivisions “to see if it met our requirements to be acceptable as payment.” Tr. 93. He further admitted that, had the title been acceptable, “certainly I would have taken it, as per our agreement.” Tr. 100.
The defendant Hammonds himself also testified that Pesson’s president had selected Lot 3 as the parcel of land to be taken in satisfaction of the plumbing work. Tr. 120. See also P-6, a letter by Pesson’s president relating to Lot 3.
Able counsel for the plaintiff-appellant strenuously urges that the trial court erred in admitting parol evidence, including that educed by cross-examination of the plaintiff’s president himself, to prove that Pesson had selected Lot 3 as the land to- be tendered (subject to valid title), in satisfaction of the contract price. In this regard, counsel cites to us certain jurisprudence to the effect that all the elements of an agreement *771 to buy and sell immovable property, including an acceptance, must be in writing, oil penalty of nullity, even as between the parties to the agreement. LSA-Civil Code Arts. 2275-2283.
What this astutely-urged argument overlooks, however, is that the present is not a suit to enforce an agreement to buy and sell real estate. It is a suit on a plumbing contract.
The question before us is only whether the plaintiff is entitled to obtain a monied payment therefor, despite his own specific agreement in the contract to accept instead one of specified lots of land, of his later choice, in full satisfaction of the price of the plumbing work.
The demand of the plaintiff’s petition is thus for a monied judgment to satisfy the price of the plumbing contract, instead of the land which by mutual agreement in writing was to constitute the consideration therefor. The reason formally pleaded is that the title to the lot tendered is not clear. The defendant Hammonds’s answer prays that the suit be dismissed, because indeed the defendant had complied with his obligation by tendering a merchantable title to the plaintiff of Lot 3, which had previously been chosen by the plaintiff.
The parol evidence, including the admissions of the plaintiff’s president himself, is thus admissible in connection with the allegations of the petition and answer with regard to whether or not the defendant Hammonds had indeed complied with his portion of the contract by tendering a merchantable title to Lot 3 in satisfaction of the price, at the plaintiff’s selection, in accordance with the written agreement between the parties. “The rule which forbids the proving of title to real estate by parol evidence is not applicable to evidence which is offered for some other purpose, for which it is relevant and competent, and which relates only collaterally and unavoidably to, and without establishing or affecting, the ownership of real estate.” Emerson v. Shirley, 188 La. 196, 175 So. 909, 912.
We do not have before us, and we therefore express no opinion on, the question of the admissibility of this parol evidence insofar as proving Pesson’s binding agreement to accept this lot, had this been a suit by Hammonds to enforce such agreement. We point out only that the defendant Hammonds was the obligor-promisor in the written obligation by him to convey to Pesson one of the specifically described lots, upon Pesson’s performance of the plumbing contract and Pesson’s selection of which one of the specified lots was to be conveyed. This obligation was enforceable against Ham-monds, since it did not depend only on his own will as the obligor. LSA-C.C. Arts. 2034, 2035; Brown, Protestative Conditions in Louisiana, 6 Tul.L.Rev. 23, 1931. Insofar as Pesson’s rights under the contract were concerned, the obligor Ham-monds thus became unconditionally bound to convey to Pesson, the obligee-beneficiary, the lot of Pesson’s choice from among those specified in the written agreement, upon Pesson’s performance of the plumbing work specified by the contract. Cf., e. g., Salles v. Stafford, Derbes & Roy, 173 La. 361, 137 So. 62.
The plaintiff-appellant also makes factual arguments concerning a withdrawal of the tender and a failure to place in default. The evidence shows, however, that the defendant Hammonds was at all times willing to perform his own obligation to convey the lot chosen by Pesson following completion of the plumbing job.
Upon Pesson’s selection of Lot 3, Ham-monds ordered and paid for an abstract to this property and tendered it to Pesson. When Pesson demurred at the title (although offering to accept Lot 3 for a lesser sum than full payment, P-6), Ham-monds offered title insurance and other assurances that the objections to title were not serious. Hammonds’s subsequent sug *772 gestions that Pesson accept other lots or a non-interest bearing note instead of Lot 3 if the latter was unsatisfactory, did not amount to a withdrawal of the tender; they were merely offers made by way of attempted compromise or suggested novation, in an unsuccessful effort to avoid this lawsuit concerning the binding written agreement between the parties.
II.
The plaintiff Pesson’s petition, which seeks payment upon this plumbing . contract, does not plead nullity or unenforce-ability of the mutual agreement by which the parties specified that a lot of Pesson’s choice was to be furnished in payment for the plumbing work.
The basic pleaded defense is that the title to Lot 3 was not clear, Art. 5 of petition, so that therefore Pesson did not have to accept same in satisfaction of the contract price as provided by the contract. As the trial court stated, such agreement contemplates that there be a merchantable title to the lot chosen in satisfaction of the contract price, before the plaintiff Pesson be required to accept same.
The plaintiff Pesson contends that the trial court erred in holding that the defendant Hammonds tendered a merchantable title to Lot 3.
Basically, Pesson originally refused to accept delivery on the basis of his attorney’s title opinion of November 21, 1961, noting eleven requirements possibly needed to cure possible defects in the title. Following certain curative work, a supplemental title opinion of June 25, 1963, at the time of trial, still questioned the curative work as insufficient in three particulars insofar as minor deficiencies were concerned.
In its original (Tr. 62-69) and supplemental reasons for judgment (Tr. 70-73), the trial court discussed the alleged defects and came to the conclusion that they were not of a nature to prevent there being a merchantable title to Lot 3. Therefore, at the close of the evidence, Hammonds was required to make a formal tender of a deed to this tract, and upon the plaintiff Pesson’s refusal to accept title, judgment was rendered dismissing this suit.
We find no error in the district court’s determination that the title to Lot 3 as tendered was merchantable. We need not discuss in detail the alleged title defects, since the trial court has in our opinion adequately and correctly disposed of these contentions in its reasons for judgment.
The appellant does not specify in what regard the trial court erred in such determinations. It contends only that the trial court erred in stating that there was a merchantable title in the face of this adverse title opinion.
It is to be noted that, although questioned by this title opinion, the base title of the subdivision in question had been approved previously by another partner of the same law firm which rendered the present title opinion. The evidence further shows that the title to similar lots in the same subdivision had been approved by local lending authorities, such as the homestead associations and the federal home-lending agency in the area.
 A title does not become unmer-chantable simply because a reputable attorney might question certain aspects of it as imperfect. As the Supreme Court recently stated in Kay v. Carter, 243 La. 1095, 150 So.2d 27, 29, “not all seeming defects render a title unmerchantable, especially those based on objections which are obviously groundless; it is when there are outstanding rights in third persons (not parties to the action) who might thereafter make claims of a substantial nature against the property, and hence subject the vendee to serious litigation, that the title is deemed not merchantable.” [Italics those of the Supreme Court.] See also Note, 9 La.L.Rev. 563 (1949).
*773 III.
In summary, the trial court in our opinion correctly dismissed the plaintiff Pes-son’s suit to obtain a monied judgment for performance of plumbing work per the written plumbing contract. Under the terms of this written contract, the plaintiff had agreed to accept a subdivision lot in full payment for the price; its only pleaded excuse for failing to do so and for demanding a monied judgment instead, is the allegation that the title to the tendered land was not clear. Upon finding the title to be merchantable, the trial court properly held that, by the terms of the contract sued upon, the plaintiff Pesson is not entitled to a monied judgment, the only relief demanded herein, so that therefore this suit demanding same should be dismissed upon Pesson’s refusal of the defendant’s tender of a merchantable title to Lot 3.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be paid by the plaintiff-appellant.
Affirmed.

. The written agreement originally provided that “Lot or lots will be acceptable to us as payment for the work.” By a written addendum executed by both parties, it was further provided that, “Notwithstanding anything to the contrary contained * * * in the foregoing contract, the following terms and conditions shall apply: Contractor (Pesson) shall receive title to one (1) residential lot located in the platted subdivisions of Oak Lake Estates or Greenlawn Subdivision in Calcasieu Parish, Louisiana, of contractor’s choice, * * *, with title to be conveyed to contractor upon completion of all work contemplated by this contract.” (Italics ours.)