460 So.2d 42 (1984)
Brenda EUBANKS
v.
Richard McDOWELL.
No. CA 83 1252.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
*43 Bart Eaton, Baton Rouge, for plaintiff-appellee Brenda Eubanks.
Richard McDowell, in pro. per.
Before COLE, CARTER and LANIER, JJ.
LANIER, Judge.
This is a suit by a lessee against her lessor for the remission of rent for one month ($310) and refund of a security deposit ($150). After a trial on the merits, the trial court, without assigning reasons, rendered judgment awarding the lessee $310.[1] From this judgment, the lessor took this devolutive appeal.

FACTS[2]
Brenda Eubanks leased an apartment at 9357 Prescott Road in Baton Rouge, Louisiana, on a month to month basis from Richard McDowell. On April 7, 1983, a flood occurred and forced Eubanks to leave the apartment and stay at her mother's residence. Shortly after the flood, Eubanks called McDowell, advised him she could not live in the apartment and asked for a refund of her rent and deposit. McDowell responded he would get back to her later. Eubanks did not reoccupy the apartment once the water receded.
As a result of the flood, the carpeting in the apartment was ruined. On April 13, 1983, McDowell asked Eubanks to remove her belongings from the apartment as soon as possible so the carpet could be replaced. Eubanks was involved with income tax work at the time and made arrangements with McDowell to have her things removed by April 16, the day after the tax deadline. McDowell purchased the new carpet for the apartment on April 14, 1983.
There is some dispute as to the actual day that Eubanks removed her things from the apartment, but the new carpet was in the apartment by April 20. Eubanks determined that the apartment "was not liveable" and refused to reoccupy it. She filed suit on July 13, 1983, demanding the return of the rent and deposit.

REMISSION OF RENT DURING REPAIRS OF LEASED PREMISES
La.C.C. art. 2697 provides:
If, during the lease, the thing be totally destroyed by an unforseen [unforeseen] event, or it be taken for a purpose of public utility, the lease is at an end. If it be only destroyed in part, the lessee may either demand a diminution of the price, or a revocation of the lease. In neither case has he any claim of damages.
La.C.C. art. 2700 provides:
If, during the continuance of the lease, the thing leased should be in want of repairs, and if those repairs can not be postponed until the expiration of the lease, the tenant must suffer such repairs to be made, whatever be the inconvenience he undergoes thereby, and though he be deprived either totally or in part of the use of the thing leased to him during the making of the repairs. But in case such repairs should continue for a longer time than one month, the price of the rent shall be lessened in proportion to the time during which the repairs have *44 continued, and to the parts of the tenement for the uses of which the lessee has thereby been deprived.
And the whole of the rent shall be remitted, if the repairs have been of such nature as to oblige the tenant to leave the house or the room and to take another house, while that which he had leased was repairing.
The jurisprudence, in interpreting these articles, has drawn a distinction between damage which requires reconstruction (partial destruction) and damage which merely necessitates repairs (mere injury). If only repairs, rather than reconstruction, are necessitated by an unforeseen event, the lessee is not entitled to cancel the lease. Bernstein v. Bauman, 170 La. 378, 127 So. 874 (1930); Vincent v. Frelich, 50 La.Ann. 378, 23 So. 373 (1898).
In Bossier Center, Inc. v. Palais Royal, Inc., 385 So.2d 886, 889 (La.App. 2nd Cir. 1980), the court set forth a number of factors used to determine whether a partial destruction or a mere injury has occurred: "(1) length of time the repairs would take, (2) the partial or absolute deprivation of lessee's use of the premises, (3) the length of time lessee would be displaced, (4) damage done to the lessee's stock, goods and merchandise, (5) the amount paid by the insurer of the building to the insured (as compared with the value of the building prior to damage), (6) the cost of repairs to the premises (as compared with the total value of the pre-damaged premises), and (7) to what degree and which parts of the building are damaged."
The damage caused by the flood to the apartment was minimal and took only four working days to repair. The major repair was the replacement of the carpet at a cost of $828.90. There was no damage to the structural integrity of the building. The damage involved here was mere injury, not partial destruction.
Eubanks leased the apartment as her residence. The damage to the apartment was relatively minor and the necessary repairs were made by McDowell. Although the damaged condition of the apartment may have been an inconvenience to Eubanks, it did not render the apartment permanently unfit for use as her place of residence. Cf. Billeaudeaux v. Soileau, 303 So.2d 810 (La.App. 3rd Cir.1974).
The damage to Eubanks' apartment made repairs necessary during the continuance of the lease. Under La.C.C. art. 2700, she was obliged to suffer such repairs to be made, and, since she was obliged to leave the apartment while the repairs were being made, she is entitled to some remission of the rent.
Article 2700 provides that "the whole of the rent shall be remitted" if the tenant is obliged to leave the house during the repairs. However, the comments to Article 2700 indicate that the translation from the French text is incomplete and should read "the whole of the rent shall be remitted during the continuance of the repairs." (Emphasis added). This interpretation would entitle the lessee to only a partial remission of the rent for the time that he is actually obliged to vacate the premises. This interpretation was followed in Pontalba v. Domingon, 11 La. 192, 194 (1837), where the court stated, "[t]he repairs were necessary, and the lessee was bound to suffer them to be made, and was entitled to no allowance therefor, except a suspension of the rent during the time he was obliged to quit the house." (Emphasis added).
The flooding of the apartment started at 2:00 a.m. on April 7, 1983. The repairs of the apartment were completed on April 20, 1983, fourteen days later. Eubanks is entitled to remission of rent for this fourteen day period. The trial court judge committed error by remitting the rent for the whole month. Eubanks is only entitled to judgment for $144.67 ($310 ÷ 30 × 14).

DECREE
For the foregoing reasons, the judgment of the trial court is amended to reduce the plaintiff's award to $144.67. In all other *45 respects, it is affirmed. Appellant is cast for the costs of this appeal.
AMENDED AND AFFIRMED.
NOTES
[1] The judgment of the trial court made no mention of the deposit. Silence in a judgment as to any part of a demand made in litigation is construed as a rejection of that part of the claim. Succession of Kelly v. Schauff, 323 So.2d 243 (La.App. 1st Cir.1975). Eubanks has not appealed or answered the appeal, and this portion of the claim is no longer at issue.
[2] Because the trial court did not assign reasons for judgment, we must review the factual evidence in a light most favorable to the prevailing party (the lessee). Jeffers v. Hansen, 441 So.2d 283 (La.App. 4th Cir.1983); Texas General Petroleum Corporation v. Brown, 408 So.2d 288 (La. App. 2nd Cir.1981).