that the demands of United Gas Corporation be denied.

For the reasons assigned, the judgment appealed from is reversed, the preliminary injunction issued herein is dissolved and set aside, and plaintiff's suit is dismissed at its cost.

**109 So.2d 441**

## BOARD OF COMMISSIONERS FOR THE PONTCHARTRAIN LEVEE DISTRICT

v.

### Earl E. BARON.

No. 43728.

Feb. 16, 1959.

Rehearing Denied March 23, 1959.

John E. Fleury, Gretna, Bernhardt C. Heebe, Metairie, for defendant-appellant and defendant in warranty-appellant.

A. J. Kling, Jr., Gonzales, Clarence A. Frost, Reserve, for plaintiff-appellee.

HAWTHORNE, Justice.

The Board of Commissioners for the Pontchartrain Levee District instituted this proceeding to evict Earl E. Baron from property which it had allegedly appropriated.[1] After trial on the merits there was judgment ordering the defendant to remove immediately all buildings and improvements from the land so appropriated, and an appeal was perfected to this court.

On February 8, 1949, the Board of Commissioners for the Pontchartrain Levee District adopted a resolution appropriating certain property along the Seventeenth Street Canal in the Parish of Jefferson for "levees and levee drainage purposes". This resolution was filed in the conveyance records of the Parish of Jefferson. Part of the property affected by the resolution was a portion of Lots 6 and 7 of Square 62, Metairieville, which at that time were owned by Hejo Realty Company, Inc. These two lots front on the Seventeenth Street Canal and are located a little over three miles from the Mississippi River.

The Seventeenth Street Canal is not a navigable river or stream, but is a man-made drainage ditch at least three miles long. It has its beginning near the rear of the New Orleans waterworks plant in Orleans Parish and, after practically tracking the dividing line between Orleans and Jefferson parishes, empties into Lake Pontchartrain.

In December of 1951 defendant Baron's wife entered into a purchase agreement with the Hejo Realty Company for the acquisition of these two lots. After obtaining title by various transactions defendant erected a home on the property and made certain improvements such as paved walks, fences, etc. His total investment in this property is more than $12,000, on which he owes a balance of $4,200. To remove the improvements from the portion of his property sought to be appropriated and to replace them would cost the defendant approximately $4,000.

In this court appellant contends that the judgment of the district court is erroneous for numerous reasons, but, as we analyze his arguments, all of these reasons may be grouped into two categories: (1) The land of the appellant Baron is not subject to appropriation, and (2) if it is, the method of appropriation by appellee was illegal in that there was nothing in the resolution of appropriation registered in the conveyance records to indicate that this property was appropriated under the resolution, and no

1. An intervention and a call in warranty were filed which we need not discuss.

· notice of appropriation was ever given to either Baron or his predecessor in title, Hejo Realty Company.

■■ In this state a servitude in favor of the public is imposed upon lands adjacent to navigable rivers and streams for the purpose of constructing and repairing levees, roads, and other public or common works. Civil Code Art. 665; Delaune v. Board of Com'rs, 230 La. 117, 87 So.2d 749, ·and numerous cases there cited. Land burdened with this servitude, as pointed out in the Delaune case, supra, may be taken .without compensation for the purpose of making, building, or repairing public levees, and such an appropriation does not violate ·the provisions of Section 2 of Article 1 of the Louisiana Constitution or the Due Proc-·ess clause of the Constitution of the United States, Amend. 14. Further, although the Louisiana Constitution provides that land so .appropriated shall be paid for at a price not to exceed the assessed value for the preceding year (Art. 16, sec. 6), this payment is nothing more than a gratuity. See Delaune v. Board of Com'rs, supra, and authorities there cited.

■ The land from which the levee district seeks to evict Baron, and which the levee district contends has been legally appropriated, *is not adjacent to, and does not border on, any navigable river or stream,* 'but, as pointed out above, is situated on the Seventeenth Street Canal. Nothwithstanding this fact the levee board contends that this land is burdened with the servitude imposed by Article 665 of the Civil Code and may be taken or appropriated for the purpose of making or repairing a public levee along the banks of the canal.

The test to determine whether land not adjacent to a navigable stream is burdened by the servitude imposed by Article 665 for the making and repairing of levees is clearly and expressly set forth in Delaune v. Board of Com'rs for the Pontchartrain Levee District, supra, the same levee district which is plaintiff here.

The Delaune case, decided by this court in 1956, is the last case dealing with the law of appropriation insofar as it is applicable to the instant case. The opinion in that case analyzed and discussed the jurisprudence, both state and federal, particularly the cases of Dickson v. Board of Com'rs, 210 La. 121, 26 So.2d 474; Board of Com'rs of Tensas Basin Levee Dist. v. Franklin, 219 La. 859, 54 So.2d 125, and Wolfe v. Hurley, D.C., 46 F.2d 515, affirmed 283 U.S. 801, 51 S.Ct. 493, 75 L.Ed. 1423, cases relied on by the levee district here.

■ This court in the Delaune case made it clear that, from a consideration of the provisions of Article 665 of the Civil Code and the numerous authorities construing it, it is manifest that where lands *are not shown to be riparian lands,* they are not subject to such a public servitude; that, as

explained in Dickson v. Board of Com'rs, supra, this servitude comes into existence at the time the property bordering on the navigable stream is separated from the public domain. The opinion then said that, in order to ascertain whether the particular piece of property appropriated for levee purposes is subject to the servitude imposed by Article 665, "* * * *it is essential to trace the title to the original grant when the land itself does not actually front on the stream.* If that grant shows that the tract was riparian property when separated from the public domain, then the next question to be determined, conformably with the holdings in Wolfe v. Hurley and the Franklin case, is whether the property taken 'is within range of the reasonable necessities of the situation, as produced by the forces of nature, unaided by artificial causes'." [230 La. 117, 87 So.2d 754.] (Italics ours.)

In the instant case there is no showing or proof that the land here sought to be appropriated by the levee board was riparian property when separated from the public domain. Accordingly it is not necessary to determine whether the land "is within range of the reasonable necessities of the situation, as produced by the forces of nature, unaided by artificial causes", Wolfe v. Hurley, supra [D.C., 46 F.2d 522], although we think the record does not show this either.

The judgment ordering the defendant Baron to remove the improvements from the property alleged to have been appropriated by the levee board will therefore have to be reversed.

For the reasons assigned the judgment appealed from is reversed and set aside, and plaintiff's suit is dismissed.

109 So.2d 444