FRUGÉ, Judge.
Plaintiff brought suit for a permanent injunction against defendant, Board of Commissioners for the Atchafalaya Basin Levee District, seeking to enjoin defendant from entering upon or disturbing a certain portion of their property located in St. Martin Parish.
In February, 1965, defendant notified plaintiff that it had adopted a resolution appropriating the aforementioned property for the purposes of repairing and strengthening a levee situated on their land.
Plaintiff filed suit in March, 1965, claiming that defendant had no right to appropriate its land, and if it needed the land it should have resorted to expropriation proceedings.
Defendant answered that under LSA-C.C. Art. 665 and Art. 16, Section 6 of the Louisiana Constitution of 1921, it had the right to appropriate this land for levee purposes and did not have to go through the expropriation procedure.
The trial court dismissed plaintiff’s suit and plaintiff has perfected this appeal.
The record reveals that the land sought by the defendant is to be used to enlarge and improve a section of an existing levee which, according to experts including the United States Army Corps of Engineers, has deteriorated to a dangerous degree. All agencies of the federal and state governments whose duties are to build and maintain levees in this state concur that the enlargement of this levee is an absolute necessity. The land for the original levee which now must be improved and enlarged was taken at that time by appropriation procedure.
The land in question is contiguous to the original levee which now needs to be enlarged. The land is located in the Atchafa- *417 laya Floodway Basin, with numerous streams and rivers nearby, and is overflowed each spring. Due to the siltation of the overflow in the basin, the land surrounding the existing levee has risen two to three feet while on the other hand the levee has subsided due to natural causes over the years.
Appellant’s principal argument is that the lower court erred when it allowed the appropriation of its property for levee purposes in the absence of a showing that the property was part of a riparian tract when separated from the public domain. In support of this argument they cite the cases of Board of Commissioners for Ponchartrain Levee District v. Baron, 236 La. 846, 109 So.2d 441, and Delaune v. Board of Commissioners for Ponchartrain Levee District, 230 La. 117, 87 So.2d 749. These two cases stand for the proposition that in the absence of showing that land sought to be appropriated was riparian property when separated from the pubic domain and is not riparian property at this time, then said lands are not subject to such a public servitude as under LSA-C.C. Art. 665.
A careful review of these cases clearly shows to this court such distinguishing facts as to the location of the levees in the Baron and Delaune cases as to make them inapplicable under the facts of this case before us. The Baron case deals with property sought to be appropriated for levee purposes on the banks of the Seventeenth Street Canal. The Seventeenth Street Canal is not a river or navigable stream but an unusually large manmade drainage canal which drains a particular area of Orleans Parish and Jefferson Parish and empties into Lake Ponchartrain. The court in the Baron case took judicial notice that the land to be appropriated was adjacent to this large drainage canal and thus correctly refused the Levee Board the right to appropriate said land under LSA-C.C. 665.
In the Delaune case the land appropriated bordered the shores of Lake Ponchartrain. The court, in refusing to apply LSA-C.C. Art. 665 to land adj acent to a lake, stated:
“Article 665 of the Civil Code provides that public servitudes ‘ * * * relate to the space which is to be left for the public use by the adjacent proprietors on the shores of navigable rivers, and for the making and repairing of levees, roads and other public or common works’. (Italics ours.) This Article, in conformity with it language, has been found to be applicable only to navigable rivers or streams. Lakes are not included.”
The record reveals that the land in question needed for the repairs on the existing levee is less than a mile from the nearest river or navigable stream. This land is overflowed each year from waters of the Atchafalaya River and from tidewaters from Morgan City. Although this property is overflowed each year, from the maps and diagrams contained in the record it is clear that the land in question is not adjacent to nor adjoining a river or navigable stream.
However, can it only be said that lands are riparian (thus subject to a LSA-C.C. Art. 665 servitude) which actually extend to a river or navigable stream ? This question was answered in the case of Hart v. Board of Levee Commissioners for Parish of Orleans, 5 Cir., 54 F. 559:
“All the lands within the alluvial portions of the districts subject to overflow may be taxed for the levees, and the law and the reason of the thing subject the same extent of land to the servitude.
* * * * * *
“My opinion, therefore, is that, the levees of the Mississippi having been located by the lawful authorities upon the complainant’s lands, notwithstanding their remoteness from the natural bed of the river, they are by statute wisely made riparian, and subject to the levee servitude.”
*418 If LSA-C.C. Art. 665 was applicable only to lands bordered by a river or navigable stream, levee boards and other agencies of the state and federal governments would be strait-jacketed in their obligation of protecting the people of this state from the ravaging floods that but for the protection of our levees would annually ravish this state.
In Board of Commissioners of Tensas Basin Levee District v. Franklin, 219 La. 859, 54 So.2d 125, the Supreme Court made the following pertinent observation with reference to the application of the Article in question:
“A construction of this codal article so as to apply only to the shores of navigable streams would be too narrow and defeat the purpose sought to be obtained. It would be useless to build a levee if it could not be protected.”
LSA-C.C. Art. 665 has been interpreted many times, both in our state courts and in the federal court, that it does not apply only to property actually adjoining a river or navigable stream but to all lands of that which is within the range of the reasonable necessity of the situation as pro-, duced by the forces of nature unaided by artificial causes. Board of Commissioners for Ponchartrain Levee District v. Baron, 236 La. 846, 109 So.2d 441; Dickson v. Board of Commissioners, 210 La. 121, 26 So.2d 474; Board of Commissioners of Tensas Basin Levee District v. Franklin, 219 La. 859, 54 So.2d 125; and Wolfe v. Hurley, D.C., 46 F.2d 515, affirmed 283 U.S. 801, 51 S.Ct. 493, 75 L.Ed. 1423.
For the foregoing reasons, the land needed for the enlargement and improvement of the existing levee may be appropriated by the Board of Commissioners and the injunction sought is refused. The judgment of the trial court is affirmed; cost of this appeal to be paid by the appellant.
Affirmed.