*511
 
 HAMITER, Justice.
 

 The Jeanerette Lumber and Shingle Company, Ltd. brought this suit to obtain a permanent injunction in order to prevent the Board of Commissioners for the Atchafalaya Basin Levee District from appropriating certain property owned by plaintiff and located in St. Martin Parish.
 

 The district court, after a trial of the merits, dismissed the suit.
 

 The judgment was affirmed on appeal. 181 So.2d 415.
 

 We granted certiorari. 182 So.2d 662.
 

 The record discloses that on February 3, 1965 the defendant notified the plaintiff that it had adopted a resolution appropriating the property involved herein. The taking was to obtain soil for enlarging and strengthening an already existing levee located nearby on plaintiff’s land. The proposed project was an absolute necessity, the original levee having deteriorated to a dangerous level, and its purpose was to furnish relief from the hazards of flood waters that came annually from the Atchafalaya River located three and one-half to four miles away. The land appropriated does not front on or adjoin a navigable river or stream. Nor was it a part of a riparian tract at the time title thereto left the sovereign.
 

 The plaintiff urges that since the property is not now and never has been riparian, it does not owe a servitude for levee purposes and, consequently, the appropriation is illegal.
 

 The board bases its right to appropriate on Article 665 of the Revised Civil Code which provides: “Servitudes imposed for the public or common utility, relate to the space which is to be left for the public use by the adjacent proprietors on the shores of navigable rivers, and for the making and repairing of levees, roads and other public or common works.
 

 “All that relates to this kind of servitude is determined by laws or particular regulations.”
 

 It is the board’s position (and the Court of Appeal held) that the word “adjacent” in the codal article does not necessarily connote “adjoining” or “bordering upon” a navigable river, but that it means “near” or “close by”; and that when property is near or close by a navigable river, and its taking comes within the exigencies and necessities of a flood control or levee project, it owes the mentioned servitude, without regard to whether it abuts or adjoins a navigable river or has ever been a part of a riparian tract. In support of this position defendant cites and relies on Wolfe et al. v. Hurley et al., 46 F.2d 515 and Board of Commissioners of Tensas Basin Levee District v. Franklin et al., 219 La. 859, 54 So.2d 125.
 

 The interpretation sought herein by defendant, we concede, does appear to be supported by the opinion of the Federal Dis
 
 *513
 
 trict Court in Wolfe v. Hurley, supra, the language of which was approved hy us in the Franklin case. In the Wolfe matter the court permitted the appropriation of land for the construction of a levee even though it was not then situated on the shores of a navigable stream. While the opinion does not make clear whether the property was or was not originally a part of a riparian tract, the court apparently considered such question unimportant since the decision was that Article 665 governed, this because the land was “within range of the reasonable necessities of the situation, as produced by the forces of nature, unaided by artificial causes.” The rationale of this holding is that under certain circumstances land wherever located may be subject to appropriation, as owing a servitude for levee purposes, even though it does not front on a navigable stream and was not of riparian origin.
 

 This court’s language of approval of such doctrine in the Franklin case, supra, appears to be dicta inasmuch as our decision therein was based primarily on the assumption that the provisions of Article 16, Section 6 of the Louisiana Constitution (which permits payment for land taken for levee purposes at a price not to exceed the assessed value for the preceding year) extended the provisions of Article 665. However, this assumption was shown to be unwarranted in Delaune et ux. v. Board of Commissioners for the Pontchartrain Levee District, 230 La. 117, 87 So.2d 749.
 

 Too, approval of the rationale of Wolfe v. Hurley, supra, seemingly has been negatived by the Delaune decision, and by our holding in Board of Commissioners for the Pontchartrain Levee District v. Baron, 236 La. 846, 109 So.2d 441. For in these last mentioned cases, the court apparently treated the Wolfe decision, as well as the holding in the Franklin case, as standing only for the proposition that
 
 if the property is shown to have been riparian
 
 when separated from the state,
 
 then
 
 it can be appropriated if it is within range of the reasonable necessities of the situation. Thus, in the Delaune case we said: “ * * * It is manifest from a consideration of Article 665 of the Civil Code and the numerous authorities construing it that, where lands are not shown to be riparian lands, they are not subjected to a public servitude. This servitude, as explained in Dickson v. Board of Com’rs [210 La. 121, 26 So.2d 474], comes into existence at the time the property bordering on the navigable stream is separated from the public domain.
 
 Accordingly, in order to ascertain whether a particular property appropriated for levee purposes is subject to a servitude, it is essential to trace the title to the original grant when the land itself does not actually front on the stream.
 
 If that grant shows that the tract was riparian property when separated from the public domain, then
 
 *515
 
 the next question to be determined, conformably -with the holdings in Wolfe v. Hurley and the Franklin case, is whether the property taken ‘is within range of the reasonable necessities of the situation, as produced by the forces of nature, unaided by artificial causes’. * * * ” (Italics ours.)
 

 At first glance it might appear that this quoted language was dicta inasmuch as the land then under consideration was situated along Lake Pontchartrain; and the court had said earlier in the opinion (in answer to a contrary argument made by counsel for the board) that the property’s location on a navigable lake (rather than a river) did not make it subject to the levee servitude referred to in Article 665. However, as an alternative argument, the board had also urged that the purpose of the levee was to control the flood waters of the Mississippi River entering the lake several miles away through the Bonne Carre Spillway and that, under the Wolfe and Franklin decisions, appropriation was proper because the land was situated “within range of the reasonable necessities of the situation.” Therefore, the quoted language of the court was a square holding (in answer to this argument) that, despite the necessities of the situation relative to the Mississippi River, the property could not be appropriated unless it was first shown to have been riparian when separated from the public domain.
 

 This conclusion was specifically affirmed in Board of Commissioners for Pontchartrain Levee District v. Baron, supra. True, the land involved therein bordered on the Seventeenth Street Canal,- a man-made waterway. But the board had contended that the purpose of the canal and the proposed levee improvements was to protect the Mississippi River levees and that, consequently, a levee serviture was due by the property since it was within range of the reasonable necessities of the situation. Again the Franklin and Wolfe decisions were relied on. Nevertheless, the court denied the right to appropriate and concluded that because there was “no showing or proof that the land here sought to be appropriated by the levee board was riparian property when separated from the public domain” it was not necessary to determine whether its taking was within range of the reasonable necessities of the situation.
 

 The holdings in the Delaune and Baron cases are in conformity with earlier decisions of this court to the effect that not all lands, even those in reasonable proximity to navigable streams, are subject to servitudes under Article 665 merely because they are deemed necessary for use in constructing or repairing levees. Thus, in Pontchartrain Railroad Company v. Board of Levee Commissioners of the Orleans Levee District, 49 La.Ann. 570, 571, 21 So. 765, we held that plaintiff’s land, situated away from the river, did not owe a
 
 *517
 
 levee servitude, although the court’s opinion makes it clear that it was necessary for such property to be taken for levee construction.
 

 Again, in Koerber v. New Orleans Levee Board et al., 51 La.Ann. 523, 525, 25 So. 415, 418 this court recognized that although certain lands are necessary for use in a levee or flood program the necessity alone does not bring them within the scope of Article 665. In that case a system of levees somewhat removed from the banks of the Mississippi River had been erected to protect the City of New Orleans from the ravages of such river. Plaintiff’s land lay adjacent to one of these levees. (This, incidentally, is almost the identical situation which exists in the instant case.) In a crisis brought about by threatened flooding of the Mississippi, it was determined necessary that earth from plaintiff’s property be taken to raise and broaden the levee. This was done without judicial proceedings or even a formal appropriation. 'The court held that plaintiff’s land so situated was
 
 not
 
 subject to the levee servitude and that “Regularly, it could only be taken for such purpose, for public use, by means of judicial expropriation proceeding, upon proper compensation made according to law.” However, the court did conclude that, in view of .the crisis and need for immediate action, the board’s appropriation was not tortious. And we said that, ■ in such situation where the welfare of a large portion of the citizenry necessitated prompt action, the board, acting under the state’s police power, -was authorized to take the property and pay for it later. This decision was affirmed in McGeehan et al. v. Board of Levee Commissioners, 165 La. 241, 242, 115 So. 473.
 

 From the foregoing it appears that the Franklin decision stands alone in the jurisprudence of this court. And it has been, at least impliedly, overruled by the Baron and Delaune cases, supra, which we think are based on the sound principles enunciated in the earlier decisions. Consequently, we adhere to and reaffirm our holdings in such overruling cases and conclude that in order for land not bordering on a navigable river to be held subject to the servitude for levee purposes it must ■ first be shown that such property was of riparian origin; and that this rule applies whether the property is taken for levee construction, repair, maintenance . or improvement. Further, as aforeshown, we have determined that the property in controversy here does not so border, was not of riparian origin, and, therefore, does not owe a servitude for levee purposes as urged by the board.
 

 An examination has been made by us of Hart-v. Board of Levee Commissioners for Parish of Orleans, C.C., 54 F. 559, cited by the defendant, in which it was held that whenever an authorized state -agency legally
 
 *519
 
 locates a levee, the levee becomes the bank of the river or stream and, thereafter, under Civil Code Article 457, all property adjacent thereto becomes riparian property. Aside from the fact that the holding has been denounced in a decision of this court (Mayer v. Board of Commissioners for Caddo Levee District, 177 La. 1119, 150 So. 295), it is dicta because therein the federal tribunal first found that the subject property was originally part of a larger riparian tract and, hence, owed the servitude even though it had become separated from the river front by the sale of river front lots.
 

 Despite our conclusion that the land involved herein does not owe a levee servitude under the provisions of Revised Civil Code Article 665, and is not subject to appropriation by the defendant board, we cannot under the facts of this case grant the relief prayed for by plaintiff, which is that the board be
 
 permanently enjoined
 
 “from entering or disturbing in any way the portion of the property of plaintiff * • * * (property described) * * It is conceded that the proposed project for which plaintiff’s land has been taken is necessary, and that the property could undoubtedly be expropriated. Besides, plaintiff did not seek or obtain either a restraining order or a temporary injunction; and the record reveals that the proposed levee repairing was well underway during the course of the trial and, undoubtedly, it has been completed by this time. Therefore, the granting of such an injunction would be a vain and useless thing. But plaintiff is entitled to recover damages (market value of property taken) in accordance with the expropriation laws of this state.
 

 For the reasons assigned the judgment of the Court of Appeal is affirmed. However, there is reserved to plaintiff whatever claim it might have for damages sustained by the taking of its property.