George **MAYNARD**, Plaintiff-Appellant,

v.

**UNITED STATES of America Through UNITED STATES CORPS OF ENGINEERS, DEPARTMENT OF the ARMY, Defendant-Appellee,**

**Pontchartrain Levee District, Third-Party Defendant-Appellee.**

No. 77–2744
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 15, 1979.

Rehearing Denied March 5, 1979.

Sam O. Buckley, River Ridge, La., for plaintiff-appellant.

Robert L. Boese, Jr., Asst. U. S. Atty., John P. Volz, U. S. Atty., Robert J. Boitmann, Robert L. Boese, Jr., Asst. U. S. Attys., New Orleans, La., for defendant-appellee.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, 410–14, Part I.

Before MORGAN, CLARK, and TJO-FLAT, Circuit Judges.

PER CURIAM:

George Maynard brought suit against the United States of America pursuant to 28 U.S.C. § 2409a (1976)[1] to quiet title to his "batture" land located on the left descending bank of the Mississippi River between Harahan and Kenner, Louisiana, just upriver from New Orleans. Batture is "that part of the river bed which is uncovered at the time of low water, but is covered annually at the time of ordinary high water." *Boyce Cottonseed Oil Mfg. Co. v. Board of Commissioners*, 160 La. 727, 107 So. 506 (La.1926). To seek indemnification the Government impleaded the Pontchartrain Levee District, which had assigned its rights in the batture to the United States, and then moved to dismiss Maynard's claim for failure to state a claim upon which relief could be granted. On a stipulated record, the district court granted the Government's motion, see Fed.R.Civ.P. 12(b)(6), 56, and Maynard appeals. We find that the district court correctly dismissed Maynard's complaint and AFFIRM for the reasons expressed in the district court's order set forth as an appendix below.

### Appendix

GEORGE MAYNARD
VS.
UNITED STATES OF AMERICA

SECTION "A"
No. 75- 752
CIVIL ACTION

This matter came on for hearing on a former day on motion of defendant herein, the United States of America, to dismiss this action for lack of jurisdiction in that it fails to state a claim upon which relief may be granted. The parties herein have stipulated to all material and relevant facts which are necessary to pass upon this motion. After due consideration of the argument and memoranda of counsel, the record and the law, this Court finds as follows:

1. 28 U.S.C. § 2409a (1976) provides in relevant part:

(a) The United States may be named as a party defendant in a civil action under this

The plaintiff, George Maynard, at all relevant times claims title, ownership and possession of certain batture land on the Mississippi River in Jefferson Parish, Louisiana. By resolution dated August 6, 1974, the Pontchartrain Levee District exercised its servitude pursuant to Article 665 of the Louisiana Civil Code and contractually allowed a right-of-way to the United States Army Corps of Engineers to go upon this particular land to construct and repair levees. The Corps of Engineers advertised and subsequently awarded a contract for the work of enlarging and slope paving these levees. The contract specifications provided that 26,400 cu. yds. of earth material was required to enlarge the levee, and that the earth materials for this purpose would be furnished to the Government contractor from a designated borrow area. This borrow area is located on the batture property claimed by the plaintiff. Pursuant to the contract, the Government contractor used 26,400 cu. yds. of earth for the levee enlargement which was removed from the designated borrow area on the property claimed by the plaintiff. The plaintiff received no compensation from any source for the material removed by the Government contractor as set forth above. By way of this lawsuit, plaintiff seeks compensation for the material so removed.

The defendant contends that this Court lacks jurisdiction over this action in that it fails to state a claim upon which relief can be granted.

Article 665 of the Louisiana Civil Code states:

"Servitudes imposed for the public or common utility, relate to the space which is to be left for the public use by the adjacent proprietors on the shores of navigable rivers, and for the making and repairing of levees, roads and other public or common works.

section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights.

All that relates to this kind of servitude is determined by laws or particular regulations."

This article allows the State of Louisiana to impose servitudes on batture property for the making and repairing of levees without compensating the owners thereof. *Eldridge v. Trezevant,* 160 U.S. 452, 16 S.Ct. 345, 40 L.Ed. 490 (1896). *Delaune v. Board of Commissioners,* 230 La. 117, 87 So.2d 749; *Dickson v. Board of Commissioners,* 210 La. 121, 26 So.2d 474 (excellent historical survey); *Wolfe v. Hurley,* 46 F.2d 515 (D.C.La. 1930), affirmed, 283 U.S. 801, 51 St.Ct. [sic] 493, 75 L.Ed. 1423 (1930). Wolfe, The Appropriation of Property for Levees, 40 Tul. L.Rev. 233 (1966). Riparian lands are regarded as burdened with this servitude at the time they are severed from the public domain. *Board of Commissioners for Pontchartrain Levee District v. Baron,* 236 La. 846, 109 So.2d 441; *Jeanerette Lumber & Shingle Co. v. Board of Commissioners,* 249 La. 508, 187 So.2d 715, noted, 27 La.L. Rev. 321 (1967). This right of servitude includes the right to remove earth for the purposes of building or repairing levees. *Verdun v. Scallon Brothers Contractors, Inc.,* 255 So.2d 808 (La.App.1971), affirmed, 263 La. 1073, 270 So.2d 512. Although since 1921 the Louisiana state constitution has provided that payment at the assessed value shall be made for lands taken or improvements used or destroyed for levee purposes, batture property is expressly excluded from this constitutional provision. *Boyce Cottonseed Oil Mfg. Co. v. Board of Commissioners,* 160 La. 727, 107 So. 506.

The Pontchartrain Levee District donated this right of servitude under Louisiana law by resolution to the United States through the Army Corps of Engineers, and as donee of those rights the Corps of Engineers could exercise them to their full extent without incurring liability or paying compensation, just as its donor could have done. *General Box Co. v. United States,* 351 U.S. 159, 76 S.Ct. 728, 100 L.Ed. 1055 (1956). Thus the United States cannot be held liable for the removal of dirt from the batture property claimed by the plaintiff. Therefore the plaintiff's complaint fails to state a claim upon which relief can be granted.

Accordingly,

IT IS ORDERED that the motion of the United States to dismiss be and it is hereby GRANTED, dismissing this suit in its entirety, each party to bear its own costs.