368 So.2d 1109 (1979)
DELTIC FARM AND TIMBER CO., INC., et al.
v.
BOARD OF COMMISSIONERS FOR the FIFTH LOUISIANA LEVEE DISTRICT.
ANDERSON-TULLY COMPANY
v.
BOARD OF COMMISSIONERS FOR the FIFTH LOUISIANA LEVEE DISTRICT.
Nos. 13785, 13786.
Court of Appeal of Louisiana, Second Circuit.
February 20, 1979.
Rehearing Denied March 28, 1979.
*1110 Voelker, Ragland, Brackin & Crigler by Frank Voelker, Jr., Lake Providence, for plaintiffs-appellees.
C. Calvin Adams, Jr., Tallulah, and Jerry B. Daye, Ferriday, for defendant-appellant.
Before PRICE, HALL and JONES, JJ.
En Banc. Rehearing Denied March 28, 1979.
HALL, Judge.
The defendant, Board of Commissioners of the Fifth Levee District, appeals from a judgment awarding plaintiffs, Deltic Farm and Timber, Inc. et al. and Anderson-Tully Company, full value compensation for land taken by the Levee Board for levee construction, maintenance or repair along the right descending bank of the Mississippi River in Madison Parish.
The land was appropriated by the Levee Board in 1970 in connection with Cabin Teele Louisiana Riverside Enlargement and Berms project. In 1972, the plaintiffs filed suit alleging the property was not subject to appropriation and seeking recovery of damages based on the full value of the land taken. Alternatively, plaintiffs sought to recover the assessed value of the land. Tenders of the assessed value of the land were refused. The case was tried on documentary evidence and stipulated facts. It was stipulated that the issues were to be decided under the 1921 Constitution and statutes applicable at the time of the taking. The amount of plaintiff's damages based on actual value ($63,300 to Deltic, et al. and $25,212 to Anderson-Tully) were stipulated. The trial court held that the property was not subject to the levee servitude, was not subject to appropriation, and that damages based on full value were due. Judgment was rendered in favor of plaintiffs for the stipulated amounts.
The legal issue in this case is whether the property of plaintiffs which the Levee Board appoprriated for levee construction and maintenance purposes is subject to the levee servitude provided by Civil Code Article *1111 665 and therefore subject to appropriation by the Levee Board, in which case the Levee Board would owe the landowners only the assessed value of the property under Article 16, § 6 of the Louisiana Constitution of 1921.
The Levee Board contends that the property is subject to the servitude because it is presently riparian, that is, it fronts on the Mississippi River. The landowners contend the property is not subject to the servitude because it was not riparian at the time the property was severed from the public domain and because the existence of the servitude depends on the riparian nature of the property at the time of severance.
The facts are that the property appropriated lies in sections which did not front on the river at the time of severance. These sections were patented to parties other than the parties to whom the sections fronting on the river were patented. Over the years the river has changed course, eroding away the sections which originally fronted on the river so that the river now abuts parts of plaintiffs' property located in the back sections.
The plaintiffs rely primarily on a line of cases beginning with Delaune v. Board of Commissioners, 230 La. 117, 87 So.2d 749 (1956), which cases, the plaintiffs contend, hold that property is subject to the levee servitude only if the property was riparian at the time the property was severed from the public domain. Cases following Delaune are Board of Commissioners for Pontchartrain Levee District v. Baron, 236 La. 846, 109 So.2d 441 (1959); A. K. Roy, Inc. v. Board of Commissioners, 237 La. 541, 111 So.2d 765 (1959); Jeanerette Lumber and Shingle Co. v. Board of Comm'rs, 249 La. 508, 187 So.2d 715 (1966); Thomas v. Board of Com'rs for Pontchartrain L. Dist., 208 So.2d 163 (La.App.4th Cir. 1968); Hathorn v. Board of Commissioners, 218 So.2d 335 (La.App.3rd Cir. 1969) writ ref. 253 La. 881, 220 So.2d 461 (1969); Grayson v. Commissioners of Bossier Levee District, 229 So.2d 139 (La.App.2d Cir. 1969); and Taylor v. Board of Levee Com'rs of Tensas Basin L. D., 332 So.2d 495 (La.App.3rd Cir. 1976).
The Levee Board contends that the servitude exists on all property that is presently riparian regardless of whether the property was riparian at the time of severance. It relies on the earlier cases of Wolfe v. Hurley, 46 F.2d 515 (W.D.La.1930) affd. per curiam, 283 U.S. 801, 51 S.Ct. 493, 75 L.Ed. 1423 (1931) and Board of Com'rs of Tensas Basin Levee Dist. v. Franklin, 219 La. 859, 54 So.2d 125 (1951) appeal dismissed 342 U.S. 844, 72 S.Ct. 80, 96 L.Ed. 638 (1951) and some of the more recent cases cited by plaintiffs. The Levee Board distinguishes the cited cases, pointing out that in none of those cases was the property taken presently riparian. The Levee Board argues that those cases stand only for the proposition that where the property taken is not presently riparian it nevertheless can be subject to the servitude if it was riparian at the time of severance.
Riparian property (property adjacent to a navigable stream) subject to the levee servitude (an ancient servitude codified in Civil Code Article 665), may be appropriated (as distinguished from expropriated) for levee purposes. Article 16, Section 6 of the 1921 Constitution provided for payment for lands used or destroyed for levee purposes at a price not to exceed the assessed value. Use of property subject to the levee servitude for levee purposes is not a taking of private property for which compensation is due under either the Louisiana or Federal Constitutions, the compensation provided by Article 16, Section 6 being a mere gratuity. The rationale of decisions upholding the constitutionality of appropriation for levee purposes is that the levee servitude was reserved to the public at the time riparian property was severed from the public domain and that title to such riparian property is held subject to the servitude. Eldridge v. Trezevant, 160 U.S. 452, 16 S.Ct. 345, 40 L.Ed. 490 (1896) is the leading United States Supreme Court decision on the subject. Dickson v. Board of Com'rs of Caddo Levee Dist., 210 La. 121, 26 So.2d 474 (1946) contains an excellent discussion of the history of the levee servitude, as does Hebert v. T. L. James & Co., 22A La. *1112 498, 70 So.2d 102 (1953). An authoritative discussion appears in 40 Tul.L.Rev. 233.
Dickson held:
. . . No grants of lands were ever given without a specific reservation being made therein for the common use of the public of all rights to the shores of rivers and bayous upon which they might front. 26 So.2d p. 478
Despite the repeated contention in numerous litigations that Article 665, imposing this servitude on riparian lands, controverts the constitutional guarantee in both the state and federal Constitutions that no one can be deprived of his inalienable rights of property without due process of law, it has been consistently held by this court and by the Supreme Court of the United States that such constitutional requirements relate to the right of expropriation and do not have the effect of abrogating our law giving the state authority to appropriate land upon which rights for the construction of levees, roads, and other such public works have always been reserved. 26 So.2d p. 479
And however unfair it may seem to the owners of this type of land they are without right to complain because their acquisition of such land was subject by law to this ancient servitude and the private mischief must be endured rather than the public inconvenience or calamity. 26 So.2d p. 479
Following Wolfe and Franklin which seemed to recognize the levee servitude as affecting non-riparian property, the Louisiana Supreme Court reverted to a more restrictive view, effectively overruling Wolfe and Franklin in a series of decisions beginning with Delaune. Delaune enunciated a two-prong criteria for determining whether property is subject to the levee servitude:
(1) The property must have been riparian when severed from the public domain; and
(2) The property taken must be within the range of the reasonable necessities of the situation as produced by the forces of nature unaided by artificial causes.
These criteria have been repeated and applied in Baron, Roy, Jeanerette, Thomas, Hathorn, Grayson and Taylor.
Delaune also held:
This servitude, as explained in Dickson v. Board of Com'rs, comes into existence at the time the property bordering on the navigable stream is separated from the public domain. Accordingly, in order to ascertain whether a particular property appropriated for levee purposes is subject to a servitude, it is essential to trace title to the original grant when the land itself does not actually front on the stream. 87 So.2d p. 754 (emphasis supplied)
The Levee Board seizes upon and stresses the underlined language found in the Dalaune opinion and some of the subsequent cases which indicates it is only necessary to determine if property was riparian at time of severance where the property is not presently riparian. It is correctly pointed out that in none of the cited cases did the land abut the navigable stream at the time of taking, as does the land in the instant case. Defendant points out that for flood control purposes, it is important that the servitude exist and be exercised along the present course of the river as it changes and shifts and argues that other servitudes, such as the use of banks and for roads, and ownership rights, shift with the shifting course of a river.
Our view is that to impose the levee servitude and appropriation without compensation on property that was not riparian and subject to the levee servitude at time of severance would constitute the taking of private property without due compensation in violation of both the Louisiana and Federal Constitutions. We find nothing in the history of the servitude, as disclosed by the cited cases and articles, which indicates the servitude was reserved beyond the limits of riparian concessions. Delaune specifically recognizes that a state statutory or constitutional provision "does not and could not for obvious constitutional reasons, burden land already separated from the public domain with a servitude."
*1113 The language in the cited decisions on which the Levee Board relies does not mean, as the Levee Board contends, that the levee servitude exists not only on lands riparian at the time of severance but also exists on lands riparian at the time of taking. That was essentially the holdings of Wolfe and Franklin which have been effectively overruled. What we understand the court to have meant in those cases, in which it was dealing with land not riparian at the time of taking, was that even though the land did not presently front on a navigable stream, it would nevertheless be subject to the levee servitude if it was riparian at time of severance.
The importance to the public safety and welfare of the levee system and of changes in the levee system as the course of the river changes cannot be denied or underestimated. However, taking of private property without due compensation cannot be constitutionally justified under the police power of the state alone. Eldridge v. Trezevant so held.
We hold, as did the trial court, that property which was not riparian at the time of severance is not encumbered by the Article 665 levee servitude and is not subject to appropriation for levee purposes, even though it may be riparian at the time of taking due to changes in the course of the navigable stream due to natural causes.
The property involved in this case was not riparian at the time of its severance from the public domain. It is not subject to the levee servitude and appropriation. Plaintiffs are entitled to full compensation for its damages caused by the Levee Board's use of their property. The judgment of the district court awarding such damages is correct and is affirmed, at appellant's costs.
Affirmed.