JiDUFRESNE, Judge.
This is an appeal by Linda Dragon Benton, plaintiff-appellant, from a judgment sustaining an exception of prescription urged by Whitney National Bank, defendant-appellee. The trial judge ruled that plaintiff’s claim against the bank for an alleged breach of its fiduciary duty relating to the appropriation of certain of her mother’s property by the Pontchartrain Levee District in 1953, had clearly prescribed. For the following reasons we affirm that judgment.
The undisputed facts are these. Plaintiff’s grandfather, William Bacher, died in 1941, and by testament established a trust over all of his property. He named Whitney National Bank as trustee and his daughter, Leola Bacher Dragon, as beneficiary. That trust terminated in 1951, with a final accounting being rendered in 1953. In this latter year a “Custodianship Agreement” was confected whereby the bank would continue to administer various securities now owned by Mrs. Dragon. This agreement also specified that the bank would have no ^duties relating to twelve vacant lots along Lake Pontchartrain, except that it would pay the tax bills as they were received from the parish. That agree *1001 ment was in effect until 1993, when plaintiff inherited the lakefront property.
During the course of her mother’s succession proceedings, plaintiff discovered that portions of the lakefront properties had been appropriated by the levee district some years before for construction of a levee. It appears that this levee work was completed in about 1953. Initially, plaintiff sued the East Jefferson Levee District for compensation for the property. That defendant filed an exception of prescription, the adjudication of which does not appear in the record. Plaintiff then added the Whitney National Bank, alleging that it had breached its fiduciary duty under either the trust agreement or the later custodial agreement. The bank also urged the exception of prescription which was sustained by the trial judge. Plaintiff now appeals that judgment.
The background of the original appropriation of the properties is as follows. After the devastating hurricane of 1947, the Pontchartrain Levee District, predecessor to the present levee board, began appropriating property along the lake for construction of a protection levee. It appears that the board was of the opinion that pursuant to La.Civ. Code, Art. 665, it was simply exercising its right to the public servitude on the shores of the lake, for which no compensation was owing, but for which affected property owners could recover the assessed value as a gratuity, see Delaune v. Board of Commissioners ┴3for the Pontchartrain Levee District, 230 La. 117, 87 So.2d 749 (1956). In Delaune, the court held that the servitude relied upon by the board existed only for rivers and navigable streams, and not for lakeshores. Other related pending suits were eventually settled. However, because many owners had not brought actions and were being confronted by pleas of prescription, the legislature, in 1958, enacted La.R.S. 9:5624. That statute established a two year prescriptive period for all affected owners, and for appropriations which had already occurred, gave these parties an additional two years, or until November 17, 1960, to bring their actions, see A.K Roy, Inc. v. Board of Commissioners for the Pontchartrain Levee District, 237 La. 541, 111 So.2d 765 (1959).
In the present ease, it thus appears that plaintiffs mother could have brought an action for compensation up until late 1960, at which point the claim would seemingly have prescribed. It is equally evident that if indeed the bank had any fiduciary obligation to bring such an action on her behalf, or to urge her to do so, then the beginning date of any prescriptive period for this breach would likewise be November 17, 1960, some 34 years before plaintiff named the bank as a defendant.
The rule as to the exception of prescription is that the party urging it has the burden of showing that it has run on the claim asserted. However, once it is evident on the face of the pleadings that prescription has indeed run, the opposing party then has the burden of showing that the prescriptive period has been interrupted or |4suspended, or never commenced to run, Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992).
The bank denies that it breached any duty to plaintiff or her ancestors in title. It further argues, however, that even were there some duty that was breached, several alternative prescriptive periods would all bar this suit. It notes the one year prescription from the date of final accounting by a trustee, La.R.S. 9:2234, and points out that such an accounting was given in 1953. It notes the one year period for delictual actions, La.Civ. Code, Art. 3492, and, as shown above, that period would have commenced at the latest on November 17, 1960, the date the original action against the levee board would have prescribed. It finally notes the ten year prescription for all personal actions, La.Civ. Code, Art. 3499, and again the commencement of any such period would have been in 1960.
It is thus clear on the face of the record that whatever claim plaintiff might have stated against the bank has long since prescribed. On that showing, the burden shifted to plaintiff to show some interruption or suspension of prescription, or that prescription never began to run. Plaintiff does not argue interruption or suspension. Rath *1002 er, she asserts that the doctrine of contra non valentem agere currit praescriptio is applicable here. In Corsey v. State Department of Corrections, 375 So.2d 1319 (La.1979) the court rendered this phrase as “prescription does not run against a party who is unable to act,” (At 1321). The court went on to enumerate four circumstances in which the doctrine is applicable:
| ¿1. Where some legal cause prevented the courts or their officers from acting on the plaintiffs action;
2. Where some condition coupled with a contract or connected with the proceeding prevented the creditor from acting;
3. Where the defendant has done some act which prevents the creditor from acting; or
4. Where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.
It was incumbent on plaintiff to show at the hearing facts which would bring her within one of these categories. This she failed to do. The first and second circumstances are not applicable here. As to the third, there was no allegation, much less any fact in evidence, to show that the bank had done something to prevent plaintiffs ancestors in title from bringing an action against the levee board. As to the fourth, the assertion that plaintiffs mother did not know that a levee.had been built on her property, or did not know of her rights against the board, is pure speculation. Moreover, the trial judge found as a matter of fact that the levee was such that with due diligence she should have known of its erection.
Clearly, plaintiff has failed to present evidence which would meet her burden of proving that prescription did not run on this cause, and we therefore affirm the judgment of the trial court sustaining the peremptory exception of prescription.

AFFIRMED.