353 So.2d 459 (1977)
Dorothy STEVENSON and Joel Stevenson, Plaintiffs and Appellees,
v.
BOARD OF LEVEE COMMISSIONERS OF the TENSAS BASIN LEVEE DISTRICT, Defendant and Appellant.
No. 6215.
Court of Appeal of Louisiana, Third Circuit.
December 20, 1977.
Rehearing Denied January 12, 1978.
Writ Refused February 24, 1978.
Coenen & Berry by Theo J. Coenen, III and James W. Berry, Rayville, for defendant-appellant.
Reeves, Lossin & Owens by R. R. Reeves, Jr., and H. James Lossin, Sr., Harrisonburg, for plaintiffs-appellees.
*460 Dewey E. Burchett, Jr., Bossier City, amicus curiae.
Before CULPEPPER, GUIDRY and FORET, JJ.
CULPEPPER, Judge.
Joel and Dorothy Stevenson, husband and wife, sue for the market value of their separate tracts of land, plus special damages. They contend the defendant levee board wrongfully appropriated the tracts for levee purposes. The levee board contends that since the lands are riparian they are subject to a servitude, under LSA-C.C. Article 665, for the levee in question, and that plaintiffs are entitled to only the assessed value of the lands. The trial court found that although the lands are riparian, they are not subject to appropriation for this "backwater" levee. The court granted defendant's alternative demand for expropriation and awarded plaintiffs $2,070 per acre plus special damages. Defendant appealed. Plaintiffs answered the appeal, seeking an increase in the award to $2,500 per acre.
The substantial issues on appeal are: (1) Does LSA-C.C. Article 665 require that the appropriation of riparian land for levee purposes be necessary for the control of water from the stream to which the property is riparian, or can the levee be for flood control in general? (2) Is the award of $2,070 per acre excessive or inadequate?
There is little dispute as to the facts. Each plaintiff owned a separate tract of land located south of Jonesville in Catahoula Parish. The tracts are adjacent. While neither tract now has frontage on a stream, they are riparian under LSA-C.C. Article 665, because they were parts of larger tracts which bordered the Black River and Little River respectively when the parent tracts were severed from the public domain in the 1800s. The 3.44 acres owned by Dorothy Stevenson is part of Section 3, Township 7 North, Range 6 East, which is riparian to Little River. The 6.88 acres owned by Joel Stevenson is part of Section 38, which is riparian to Black River.
In the area in question the rivers are roughly parallel but several miles apart. Little River runs from south to north and then turns to the east and runs into Black River, which runs from north to south. Jonesville is at the junction of the two rivers. Both rivers are navigable today and were navigable when the tracts in question were severed from the public domain.
The levee in question was first built to protect portions of the town of Jonesville during the severe flooding in 1973. It is part of a system of ring levees located south of Jonesville and running generally east and west between the two rivers. It is perpendicular to the rivers, rather than parallel to them. Before 1973, other levees already existed on the parent tracts along the banks of both the Black River and Little River.
The plaintiffs gave their consent to the construction of the 1973 emergency levee, provided it would be only temporary and provided the property would be left in the same condition as it was before the levee work was done. When the flood water receded in 1973, the levee was flattened. The plaintiffs called on members of the levee board, asking that further repair work be completed. Before the work was done to plaintiffs' satisfaction, the 1974 flooding had begun. In January of 1974, the defendant board passed a resolution appropriating the same parts of plaintiffs' lands used for levee purposes in 1973. This suit is a result of that appropriation.
The trial court found that while the land is riparian to navigable streams, the Article 665 servitude is not applicable because the levee in question was not built to hold either of these two streams within its banks. The court found the purpose was to keep backwater from these streams, as well as from numerous other rivers and bayous, from backing up through the lowlands south of Jonesville and inundating the Jonesville area.
Since all parties agree that the levee was necessary, the court granted the defendant's demand for expropriation. Plaintiffs were awarded $2,070 per acre as the fair *461 market value of the 10.32 acres expropriated, as well as special damages of approximately $7,500 for loss of crops, destruction of a fence and culvert, and severance damages to three acres.
LSA-C.C. Article 665 provides a servitude in favor of the public upon lands adjacent to navigable rivers and streams for the construction and maintenance of levees.
When a levee district appropriates property for levee and levee drainage purposes, pursuant to Article 665, there is no requirement that the landowner be justly compensated. Louisiana Constitution of 1974, Article 1, Section 4. The maximum amount a landowner can receive for property appropriated is the assessed value of the property for the preceding year. Constitution Ancillaries, Article 16, Section 6.
Article 665 has had several interpretations in our jurisprudence. At one time the power to appropriate was broad indeed. It encompassed not only property which was riparian but any property "which is within the range of the reasonable necessities of the situation, as produced by the forces of nature unaided by artificial causes". Board of Commissioners of Tensas Basin Levee District v. Franklin et al., 219 La. 859, 54 So.2d 125 (1951) and the cases cited therein.
After these cases the scope of Article 665 was narrowed by the jurisprudence. In Delaune v. Board of Commissioners for the Pontchartrain Levee District, 230 La. 117, 87 So.2d 749 (1956), our Supreme Court stated two tests: (1) The property must have been riparian property when it was separated from the public domain. (2) The property must be "within the range of the reasonable necessities of the situation, as produced by the forces of nature, unaided by artificial causes".
In A. K. Roy, Inc. v. Board of Commissioners for the Pontchartrain Levee District, 237 La. 541, 111 So.2d 765 (1959), the land at issue was part of a large tract which was riparian to the Mississippi River. However, the property taken by the Board was to erect a levee along the shores of Lake Pontchartrain for protection against flooding from the lake. The court held:
"It would appear from the pleadings and argument and briefs of counsel in this court that the principal question urged in the lower court, other than the one just disposed of, was the effect of our recent decision in the case of Delaune v. Board of Commissioners, 230 La. 117, 87 So.2d 749, on the facts of the case at bar. "Defendant has failed to meet the test enunciated in that case. Although it is conceded by plaintiff that the property was part of a large tract, which, at the time of its severance from the public domain, bordered the Mississippi River, there was no showing that the purpose for which the property was taken had any relation whatsoever to control of the flood waters of the Mississippi River `within the range of the reasonable necessities of the situation as produced by the forces of nature unaided by artificial causes.'" (Emphasis supplied)
We interpret the Roy case as requiring that the levee must be necessary for the control of flood waters from the river to which the land taken is riparian. This interpretation was also given to the Roy case in Grayson v. Commissioners of Bossier Levee District, 229 So.2d 139 (La.App., 2d Cir. 1969) in an opinion authored by Judge, now Justice, Dixon, although it appears this statement in Grayson is dicta because the land in that case was not riparian. Also, in the recent case of Taylor v. Board of Levee Commissioners of the Tensas Basin Levee District, 332 So.2d 495 (La.App., 3rd Cir. 1976) a different panel of our court gave this same interpretation to the Roy case, although, again, this was dicta in Taylor because there the land was not riparian. In United Gas Pipe Line Company v. Lafourche Parish Police Jury, 338 F.Supp. 1296 (E.D.La.1972), the Federal Court gave this interpretation to the Roy case and applied it.
The defendant argues that the Roy case should not be interpreted as requiring that the levee be to control flood waters from the river to which the land is riparian. Defendant argues this statement was added in the Roy case through inadvertence and *462 without discussion. The Board contends our Supreme Court would not have intentionally made such an important "change" in our law without discussion. We are not impressed by this argument. It seems equally logical to us that our Supreme Court could have considered the rule stated in Roy to be so fundamental as not to require extended discussion. In any event, we conclude the holding in the Roy case is clear and that it is controlling in the present litigation.
The trial judge correctly applied the test enunciated in the Roy case. In written reasons he stated:
"However, there is no question, and this Court finds for a fact that the levee constructed upon the property was not built to hold either of these streams in their banks. It is true that some part of the back waters which this levee held off of the Town of Jonesville could and probably did come from each of these rivers; but is equally true that some of the back waters came from Red River, Saline Bayou and other streams which constitute the normal drainage system for this area. Therefore, I do not believe that it can be said that this land was taken for the purpose of controlling waters from the stream to which the tract from which it came was riparian."
The evidence fully supports this factual finding by the trial judge.
The only issue remaining for our review is whether the trial court committed manifest error in awarding plaintiffs $2,070 per acre for the land expropriated. Both plaintiffs and defendant had qualified experts give their appraisals of the property. Value per acre ranged from a high of $2500 to a low of $425.
The trial court fixed the value at $2,070 per acre because this was the price paid for the remaining portions of these two tracts when the plaintiffs sold them in April of 1974. We find no error or abuse of discretion as to this award.
For reasons assigned, we affirm the judgment appealed. Costs of this appeal are assessed against the defendant-appellant, The Board of Levee Commissioners of the Tensas Basin Levee District, insofar as costs may be assessed against a state agency.
AFFIRMED.