SCHOTT, Chief Judge.
Plaintiff is a landowner in Plaquemines Parish. Defendants are the present governing body of the Parish and its predecessors. Defendants appropriated some of plaintiffs property for the construction of a back levee in connection with a hurricane protection plan. Plaintiff filed this suit for compensation. Defendants claim a riparian servitude on the property for the construction of the levee and exemption from the payment of compensation pursuant to the Constitution and laws of the state. The trial court granted a partial summary judgment holding defendants liable to plaintiff for compensation and defendants have appealed. The issue is whether the riparian servitude applies to the construction of this back levee.
Plaintiffs property is adjacent to the Mississippi River. It contains a levee parallel to the river separated from it by bat-ture land. In 1962 the United States Con *1252 gress authorized a hurricane control project which included the construction and modification of miles of back levees on both sides of the Mississippi River. Reach C of the project includes sixteen miles of levees between Phoenix and Bohemia and traverses plaintiffs land.
In 1988 defendants adopted an ordinance appropriating plaintiffs property in order to implement the hurricane protection plan. The expressed purpose of the appropriation was for “prevention of hurricane tidal damages by increasing the heights of existing back levees and modifying the existing drainage facilities where necessary....” These back levees are distinct and some distance from the Mississippi River levees. Defendants submitted affidavits to show that the back levees, while affording general hurricane protection, would protect the Mississippi River levee from damage in the event of a tidal surge which would cause flood water to enter the land around the end of the levee.
L.S.A. C.C. art. 665 provides:
Servitudes imposed for the public or common utility, relate to the space which is to be left for the public use by the adjacent proprietors on the shores of navigable rivers, and for the making and repairing of levees, roads and other public or common works.
Although the constitution generally requires compensation for land taken for levees this does not apply to batture. Art. 6 § 42 of the Constitution of 1974; R.S. 38:301. The question becomes whether the taking of property from plaintiffs batture for the back levee project was a legitimate application of the riparian servitude imposed by art. 665 exempting defendants from the payment of compensation. Answering this question in the negative the trial court reasoned:
The issue is whether such material may be used free of cost for the construction of back levees. The defendant contends that one function of the back levees is to protect the Mississippi River levees from damage caused by storm surges or by ordinary tidal action from the Gulf, bays, lakes, etc. The Court believes this to be a correct statement of fact but of no legal moment. Under the riparian servitude the defendant may only use plaintiffs batture material free of charge for the building of levees to protect from flooding caused by the riparian stream. It may not use such material at no cost to construct a hurricane protective levee that has only as an auxiliary purpose the protection of the Mississippi River riparian servitude levee. Hurricane storm surges and tidal action from other adjacent water bodies does not give rise to riparian servitude.
In Delaune v. Board of Commissioners, 230 La. 117, 87 So.2d 749, 754 (1956), the court recognized that the art. 665 servitude is not limited to land bordering on the shore of a river “but covers all adjoining lands within the reasonable necessities for flood control unaided by artificial causes.” In A.K. Roy Inc. v. Bd. of Comm’rs, 237 La. 541, 111 So.2d 765 768 (1959) the court predicated the application of the servitude upon a “showing that the purpose for which the property was taken had any relation whatsoever to control of the flood waters of the Mississippi River within the range of the reasonable necessities of the situation as produced by the forces of nature unaided by artificial causes.”
In Stevenson v. Bd. of Levee Com’rs, of Tensas Basin Levee Dist., 353 So.2d 459, 461 (La.App. 3rd Cir.1978) writ denied, 355 So.2d 266 the court interpreted the Roy case as requiring that the levee must be necessary for the control of flood waters from the river to which it is riparian. In Stevenson the court did not apply the riparian servitude to a situation where the levee was not build to hold either of two streams in their banks but was designed to protect the City of Jonesville from general flooding even though some of the back water held off by the levee came from the rivers.
In the present case the primary purpose of the back levees is to protect extensive areas from flooding in the event of a hurricane. In the event of a tidal surge, flood waters could enter the lands protected from the Mississippi and could damage the river levee. The present project would pro *1253 tect the land from this surge and would protect the river levee, but this is but an incidental result of the project which can hardly be said to be designed primarily for this purpose.
In Arcuri v. Cali, 244 So.2d 309 (La.App. 4th Cir.1971), this court dealing with a conventional servitude recognized that the language creating servitudes must be strictly construed since servitudes are in derogation of public policy against encumbered property ownership. Though we are dealing where with a legal servitude the same principle must apply. Plaintiff whose property is being taken is entitled to a strict construction of the law which encumbers his ownership of the batture. It would strain the meaning of the riparian servitude to extend it to miles of levee work designed for the prevention of hurricane tidal damages even though an incidental benefit might be the protection of the Mississippi River levee on plaintiff’s property.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.